Schmidt v. Costa.

---

CHARLES C. SCHMIDT v. CHARLOTTE COSTA.

The amendment of the Married Woman's Act, passed in 1862 (Laws of 1862, ch. 172, §§ 7, 8), by which the word "purchase" was then, for the first time, introduced into the statute, did not enlarge the powers or the liabilities of married women, so as to make a married woman, not carrying on any trade or business, and not having any separate property, liable for goods sold and delivered to her.

APPEAL by the defendant from a judgment dismissing the complaint. The facts fully appear in the opinion of the court.

BY THE COURT.—CARDOZO, J.—The plaintiff seeks to make the defendant, who is a married woman, not carrying on any trade or business, and not having any separate estate of her own, liable for some household furniture which he sold and delivered to her. So far as this claim rests upon the statutes of this State respecting married women, I think it cannot be supported. It was not pretended on the argument but that down to the passage of the Act of 1862 (Laws of 1862, p. 343) the authorities were against the defendant's liability (*Barton* v. *Beer*, 21 How. Pr. R. 309; *Brown* v. *Herman*, 14 Abb. Pr. R. 394), but it was

supposed that the word "purchase," which was then for the first time introduced into the statute (§§ 7 and 8), effected a change.  I think it is not so.  The property which is to be her separate estate, the transactions in which she may engage for her sole benefit, and the manner in, and the circumstances under, which she can acquire additional property, are regulated by other sections of the statute which have not undergone any change since the decisions above referred to.  The seventh section confers no additional right, either to contract or to acquire (except as the result of a suit) any property, but simply authorizes her to sue and be sued, and must be read in connection with the previous sections which regulate of what her estate shall consist, and how she may acquire it, and under what circumstances she may contract respecting it.

This disposes of the only question in the case.

The trial seems to have been conducted and decided below, upon the theory that the liability of the defendant must depend entirely upon the statute.  The proof, although I imagine from the evidence given that the defects could have been supplied, was not sufficient to fully present the point, and therefore it is unnecessary to discuss whether a case might not have been made in which the defendant could have been held liable at common law (see a review of many of the authorities in *Gregory* v. *Paul*, 15 Mass. 31).

The judgment must be affirmed, with costs.