### LOUISA B. HART *v.* JOHN YOUNG.

(GENERAL TERM, THIRD DISTRICT, DECEMBER, 1869.)

Plaintiff was a married woman, and being in possession of premises belonging to her husband, who had absconded, and while preparing to leave the same, made a contract for a certain sum with the defendant, who held a mortgage on the premises which was due, to remain for a time, and at the end thereof deliver possession to him. In an action by the plaintiff, after performance by her, to recover the sum which the defendant agreed to pay. *Held,* the promise to pay was supported by a sufficient consideration.

Plaintiff's performance was advantageous to the defendant, and an inconvenience to herself; being in possession, as wife of the owner of the fee, her agreement to surrender it, was a sufficient consideration to support the defendant's agreement; and her possession as owner of a contingent right of dower was a subsisting right of which she might make disposal by sale.

The plaintiff was authorized (Laws 1860, chap. 90) to make the contract in her own right, and whether she so made it, or for her husband, was a question of fact; and defendant having asked a decision upon the question by the court, when about to submit it to the jury, and the court deciding for the plaintiff,—*Held,* there was no error.

THIS action was tried at the Ulster County Circuit in April, 1868, before Mr. Justice HOGEBOOM and a jury.

The action was brought on a contract; and it appeared upon the trial that the plaintiff and her husband lived together upon certain premises situate in the town of Marlborough, Ulster county, which were owned by the husband, and upon which the defendant held a mortgage, the whole amount of which was due and unpaid. The husband suddenly left, and attachments were issued against him as an absconding debtor. After he had been absent for some time, and on or about the 3d of May, 1864, the plaintiff and the defendant entered into

the agreement stated in the opinion, which was fulfilled by her, and possession of the premises taken by the defendant.

At the close of the testimony a motion was made for a non suit, which was denied, the court holding that there was a question of fact for the jury, whether the plaintiff made the agreement with the defendant as the agent and on behalf of her husband, or on her own behalf and for her own benefit; if as the agent of the husband, that the verdict must be for the defendant; if for herself, she was entitled to recover, to which ruling and decision exceptions were duly taken by the defendant.

The counsel for the defendant stated that he did not wish to go to the jury upon any such question of fact, as the question in the case was one of law. The court then decided that the plaintiff was entitled to recover, and directed a verdict for the plaintiff, to which the defendant's counsel also excepted. The court directed that the exceptions be first heard at General Term with a stay of proceedings.

*T. R. Westbrook*, for the plaintiff.

*E. Cooke*, for the defendant.

Present—Miller, Ingalls and Peckham, JJ.

By the Court—Miller, P. J.   The plaintiff in this action was a married woman; and being left in possession of certain premises by her husband, upon which the defendant held a mortgage, upon being called upon by the defendant, in the absence of her said husband, the defendant agreed to give the plaintiff the sum of $150 if she would remain upon the premises until he came there with a family and put them in possession. The plaintiff remained in possession according to the agreement, and the defendant took possession of the premises by placing a family there.

The defendant seeks to avoid a recovery upon several grounds, which I will proceed to consider. He insists: 1st. That the defendant's promise was without consideration and

Hart *v.* Young.

void.   This position is based upon the ground that the wife had no possession of the premises to transfer, and that her possession was that of the husband, who alone could dispose of it, and who could hold the defendant as a trespasser, notwithstanding the wife's consent.

The testimony shows that the plaintiff's husband had left two or three weeks previously, apparently having abandoned his family, and the plaintiff was preparing to leave, having already moved away a portion of her personal effects. Her remaining in possession necessarily involved trouble to her, and would be of advantage to the defendant, by enabling him, as a mortgagee, to take possession at once of the premises, thus giving him the entire control at a season of the year when it was of considerable importance to the defendant to commence farming operations, and when the delays of a foreclosure would be detrimental and injurious to his interests.   The possession of lands being an interest which is the subject of sale, is an adequate consideration to support a promise to pay for the price thereof. (*Parker* v. *Crane*, 6 Wend., 648.)   And upon the same principle the possession of the defendant, as the wife of the owner of the fee, which could only be cut off and obtained by means of a foreclosure sale or by purchase, I think will support the promise in this case.   As her husband was the owner, and the plaintiff entitled to a contingent right of dower after payment of the mortgages upon the premises, her possession cannot be considered as being entirely the possession of her husband, but was a subsisting right, which she was lawfully authorized to sell and dispose of, as she might deem for her interest, and is a valid consideration for the agreement.   For the right of the plaintiff thus parted with by her, no action of trespass could be maintained by the husband, whatever his rights may have been otherwise.

2d. It is also insisted that the contract in question as an agreement of the wife, to hold possession, was equally invalid, she being on the premises and acting only as the agent of the husband.

Hart *v.* Young.

The plaintiff remained on the premises after her husband had left them, intending and making arrangements to leave them. As already stated, she could only be removed by legal proceedings, as her husband had the lawful title. She had no direct authority from him to act as his agent; nor does it appear that there was any duty to her husband enjoined upon her to remain there, or to enter into any arrangement to surrender the premises to the defendant.

She had in fact a right which was liable to be foreclosed, to remain, and I think under the married woman's act, authority to enter into a contract in regard to any service which she might render on her separate account, and for her own benefit, which justified her, in making the agreement with the defendant, which she attempts to enforce in this action. (S. L. of 1860, chap. 90.)

But conceding that a dispute arises upon the question, whether she assumed to act, or did in fact act, as the agent of her husband, and whether the promise made was for his benefit, the defendant should have gone to the jury as the court decided he might do upon this question of fact.

It is not so clearly manifest in any view which may be taken of the evidence, that the plaintiff contracted on behalf of her husband, as to have authorized the court to hold, as a matter of law, that such was the case. It is true she was left in possession of the premises by her husband, but it does not follow as a necessary sequence that she had no interest of her own, in the subject-matter of the contract, or that she represented him and acted as his agent. If there was any doubt in regard to these facts, it was matter for the consideration of the jury and not the court.

I think there was no error upon the trial, and a new trial must be denied.

New trial denied.