WALTER N. WOOD AND WILLIAM LANGE *v.* MRS. J. F. SANCHEY.

To maintain an action against a married woman for goods sold and delivered, it must not only appear that she has separate property, or that she carries on a trade or business on her separate account, but that either (1) she contracted the debt, as the agent of her husband for the support of herself and children, or (2) that the goods were sold to her with reference to her separate trade or business, or (3) that she intended to charge her separate estate with the debt, or (4) that the consideration went to the direct benefit of her separate estate.

APPEAL by the defendant from a judgment of the Eighth District Court.

The action was brought for goods sold and delivered to the defendant, and the answer was a general denial, and that defendant was a married woman. It did not appear that the plaintiffs knew that the defendant was married, or that she had any separate estate, or that the goods were for the benefit of her separate estate. On the conclusion of plaintiffs' case, the de-

Wood v. Sanchey.

fendant's counsel moved for a dismissal of the complaint, on the ground that defendant was a married woman, and could not make a *contract*, which was denied, and judgment given for the plaintiffs. The defendant appealed to this court.

*W. J. Butler*, for appellants.

————————, for respondents.

By THE COURT.—LOEW, J.—I do not see how this judgment can be sustained.

The evidence on the trial established the fact—which was not disputed—that the defendant, at the time the debt was contracted, was, and still is, a married woman.

At common law a married woman could not, as a general rule, make a valid contract to bind either herself or her husband, but in certain cases she could charge her separate estate, and so, also, her separate property could be charged, when the debt was contracted for the benefit of the estate.

The Legislature has, however, greatly enlarged the power of married women, and a *feme covert* may now make a valid and binding contract in relation to her separate real and personal property, and also in regard to any trade or business that she may carry on (Laws of 1848, chap. 200; Laws of 1849, chap. 375; Laws of 1860, chap. 94; Laws of 1862, chap. 172; *Young* v. *Gori*, 13 Abb. Pr., 13 note; *Barton* v. *Beer*, 21 How. Pr. 309; *Abbey* v. *Deyo*, 44 Barb. 374). But in the case under consideration there is no evidence to show that the defendant has any separate property, or that she carries on a trade or business on her separate account. And if there were, in order to recover judgment against the defendant, and make her property liable, it would have to appear either—1st, that she contracted the debt, as the agent of her husband, for the support of herself or her children; 2d, that the goods were sold to her with reference to her separate trade or business; 3d, that she intended to charge her separate estate with the debt; or, 4th, that the consideration went to the direct benefit of the estate (Laws of 1860, chap. 90, § 1; *Yale* v. *Dederer*, 22 N. Y. 450;

*White* v. *Story*, 43 Barb. 124; *Owen* v. *Cawley*, 13 Abb. Pr. 13; *Morgan* v. *Andriot*, 2 Hilt. 431).

As there is no evidence in this case to bring it under either of the above heads, the defendant cannot be held liable for the payment of this debt, and the judgment should be reversed.

Judgment reversed.