WILLIAM KIDD and others *vs.* SARAH CONWAY, impleaded &c.

A married woman is not liable upon any executory contract, unless it be made in connection with her separate business, or separate estate. Hence a bond executed by her is of no validity, where it is not alleged that she carries on any separate business, nor that it was given for, or on account of, her separate estate.

But, although a bond accompanying a mortgage is void, it does not follow that the mortgage, also, is void. The latter recites a consideration, and is under seal. There is therefore a sufficient consideration to support it.

A statement, in a mortgage executed by a married woman, that the mortgaged premises are occupied by her as a dwelling-house, and that the mortgage is intended to cover all the lands and buildings in connection therewith, is a distinct allegation or admission that the premises are her separate estate.

When a married woman gives a mortgage on real estate, the court must assume that it is her separate property, until the contrary appears; and *it seems* that she will be estopped from denying that it was such.

If a charge upon the separate estate of a married woman, contained in her endorsement of a promissory note, is valid, as was held in *The Corn Exchange Ins. Co.* v. *Babcock,* (42 *N. Y.* 613,) a charge created by her mortgage is equally valid.

THIS action was brought to foreclose a mortgage on lands in the city of Rochester, given by the defendant, Sarah Conway, to Samuel M. Spencer, to secure the payment of a bond executed by her, in the penalty of $18,000, conditioned to pay $9,000, with interest, on or before the 1st day of April, 1872.

The mortgage contains this statement in connection with the description of the premises mortgaged. "This mortgage is intended to, and does, convey all the lands and buildings belonging to the party of the first part, occupied by her in connection with such dwelling."

The complaint alleges that the mortgagor is a married woman; that she has failed to pay according to the condition of the bond; and prays judgment of foreclosure and sale.

James Conway, the husband of the mortgagor, and two other persons, are made parties as claiming some interest in, or lien upon, the mortgaged premises.

Mrs. Conway demurred to the complaint, and assigned as causes of demurrer:

*First.* It appears that the plaintiffs are bankers, and it does not appear that they have authority to take real estate securities.

*Second.* The husband of Mrs. C. is improperly made a party.

*Third.* The complaint does not state facts sufficient to constitute a cause of action.

The third ground is the only one relied upon by the appellant in his points, and the only one considered by the General Term.

The demurrer was overruled at the Special Term, and the defendant, Mrs. Conway, appealed.

*By the Court,* MULLIN, P. J. The position of the defendant's counsel is, that Mrs. C., being a married woman, is not liable on the bond, it not being alleged that it was given for, or on account of, her separate estate, nor that she had any separate estate, and the bond being a nullity, there was no consideration for the mortgage, and the court will not enforce it.

The bond is of no validity against Mrs. C. She is not liable on any executory contract, unless made in connection with her separate business, or separate estate. It is not alleged that she carries on any separate business, nor that it was given for, or on account of, her separate estate.

The statement in the mortgage, that the mortgaged premises are occupied by her as a dwelling-house, and that the mortgage was intended to cover all the lands and buildings in connection therewith, which is contained in the complaint, is a distinct allegation or admission that the premises were her separate estate.

It is true that this is not alleged in a way to require the defendant to answer it; but it cannot be said that the fact that the mortgage is a lien on her separate prop-

Kidd *v.* Conway.

erty is not in the complaint; and in passing on the questions raised by the demurrer we may assume the fact to be as thus stated.

However this may be, when a married woman gives a mortgage on real estate, the court must assume that it is her separate property, until the contrary appears; and I think she would be estopped from denying that it was such. Although the bond is void, it does not follow that the mortgage also is void. It recites a consideration, and it is under seal. There is therefore a sufficient consideration to support it. In *The Corn Exchange Ins. Co.* v. *Babcock*, (42 *N. Y.* 613,) the consideration for the charge of Mrs. Babcock's separate property was recited as "for value received."

Her undertaking was that of an endorser on the husband's note. That undertaking was a nullity; she was not bound by it; and yet the charge contained in the endorsement on the note was sustained.

The cases are, in principle, substantially alike. In each the contract of the woman was void. In each there is an express charge created on her separate estate; in the one case by the writing on the note, in the other by the mortgage. If the charge created by the note was valid, surely that created by the mortgage was equally valid.

In neither case was there an obligation binding upon the woman.

The order of the Special Term should be affirmed. The defendant to have leave to answer within twenty days on payment of the costs of the demurrer and of the appeal.

[FOURTH DEPARTMENT, GENERAL TERM, at Syracuse, January 7, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]