LYDIA PRENDERGAST, as Executrix, &c., of JOSEPH M. PRENDERGAST, deceased, Appellant, v. ELIZABETH BORST, Respondent.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1873.)

A married woman, having signed a note as principal, with her husband as surety, sent her order to the payee requesting that the moneys be sent to her by the holder of the order, and they were paid thereupon to such holder.

*Held*, that although the presumption might be, from this payment, that the money was received by her, and applied to benefit her estate, yet this presumption was overcome by proof that the moneys were actually paid to the husband by the party receiving them.

*So held*, upon the authority of *White* v. *McNett* (33 N. Y., 371).

THE action was brought to recover the amount of two notes, one for $1,000 made by the defendant as principal and her husband as surety, and one for $500 made by the defendant and her husband jointly; the former was alleged to have been used for the benefit of her separate estate.

The answer admits the making of the notes and the separate estate of the defendant, but denies that the proceeds of the notes were used for the benefit of said separate estate.

The payee of the notes died in September, 1865, and the plaintiff was appointed his executrix.

The cause was tried at Special Term, by Mr. Justice CARDOZO, who dismissed the complaint.

The testimony showed that the attorney of the plaintiff's testator received from him the $1,000 note in suit, with a letter attached, bearing the same date as the note, written by

the defendant to the payee of the note (said testator), request-
ing him to send the amount thereof to her by her son, Wil-
liam H. Borst, who resided with her.

The son did not remember to have taken this letter to
the payee, but he received from some person in the office of
the payee's attorney, about this time, the sum of $1,000, the
amount of the note, and afterward delivered the same to his
father.

The interest upon the two notes was paid at the office of
said attorney, where the testator, who resided in the country,
transacted a large portion of his business.

The defendant's son, on another occasion, received money
at a lawyer's office on behalf of his mother; also did other
business for her.

Judgment was entered for the defendant for costs, from
which the plaintiff appealed.

*R. H. Underhill*, for the appellant.

*Hamilton Odell*, for the respondent.

Present—INGRAHAM, P. J., BRADY and LEAREND, JJ.

BRADY, J.   It is conceded that the proof in this case did
not justify a judgment against the defendant upon the note
for $500; but the appellant thinks the effect of the order of
the defendant bearing date on the same day with the note for
$1,000, and the payment of that amount to her son in accord-
ance with its request, shows a receipt of the money by her.
If the evidence stopped there it might create a presumption
that the money was received by her and applied to benefit
her estate ; but it did not.   The defendant had no recollection
of the order until it was  shown her on the trial, and her son
had no recollection of it.   He remembered having gone to
the office of Mr. Underhill, the decedent's attorney, with his
father, remaining in the outer office while his father went
into the inner, and that his father agreed to send him back
for the money, which he did.   The testimony does not estab-
lish, therefore, with any certainty, that the son received the

Prendergast *v.* Borst.

money under and by virtue of the order alone. His father was the surety to the note, it will be perceived, signing it as such, and he it was who arranged for the discount or advance with the decedent or his attorney, having no communication whatever with the defendant other than such as arose from the order for the payment of the money. Viewed, therefore, in its most favorable light for the plaintiff, it was only evidence of the receipt of the money, which would remain in full force and effect until the contrary appeared. The defendant, however, testified that she signed the note for her husband at his request, and that she did not remember her son giving her any money which he received from the decedent, and the son testified that he went for the money with his father; was sent for it by him, and after receiving it gave it to him. Thus, whatever presumption might arise from the assumed receipt of the money is overcome by the proof that the defendant never received it, and this case presents elements, therefore, which bring it within the adjudication of *White* v. *McNett* (33 N. Y., 371). In that case Mrs. McNett was the owner of real estate which she sold, taking back for part of the consideration, bonds and mortgages. These she assigned by deed, with a covenant of guaranty by herself and husband that the money payable was collectible, and the action was brought on the covenant for its breach. It was observed at the General Term of the Supreme Court, to which the appeal was first taken, that the presumption arising upon the face of the papers was that the money was received by her, as she had with her husband executed the assignment, wherein she acknowledged the receipt of the consideration money. And in the absence of testimony to the contrary, proof that she had received the money would have been evidence of its application to benefit her estate. That presumption, however, it appears, was overthrown upon the trial by the testimony given. The person who negotiated the purchase testified that he dealt exclusively with her husband and did not see her in the transaction. On her examination she testified that none of the money came into her hands,

and that she did not know what was done with it. It was held and determined that she was not liable on the proof given ; that the plaintiff was bound to show either that there was an intention to charge her separate estate in the contract made, or that the consideration of the sale was for the direct benefit of her estate. This seems to be an extreme case, and provoked a dissenting opinion by Ch. J. Denio in which Justice Porter concurred, but with that we have nothing to do. In this case the dealing was exclusively with the husband. The decedent did not see the defendant. The negotiations were with the husband, and upon his contract as well as the defendant's, and the money was paid to him, none of it going into her hands. There is nothing in the note indicative of any intention to charge her separate estate, and no proof that the money was applied to its benefit. The receipt of the money acknowledged in the assignment is not less proof on that subject than the order herein considered with reference to the whole evidence in this case. For these reasons the judgment appealed from must be affirmed. The case governing our deliberations seems to be a severe application of the protection which is given to married women upon contracts arising even out of deed connected with their separate estate, but it is essential that uniformity in the administration of the law should prevail, and that slight distinctions to attain various results should be eschewed.

Judgment affirmed.