## HARRIS COHEN *against* BRIDGET O'CONNOR.

Where a principal directs payment to be made to his agent, and payment is made by check payable to the order of the agent, who collects it and converts it to his use, this is nevertheless a good payment to the principal.

A married woman may charge her separate estate without an instrument in writing.

Defendant being a married woman, and owning a lot of ground as her separate estate, agreed with plaintiff for a loan of money to finish certain buildings thereon, and directed plaintiff to pay the money to her husband. Plaintiff paid the money to her husband by a check to the husband's order, and the husband collected it and used it for his own purposes. *Held*, that defendant was liable for the sum thus paid to her husband.

*Held*, also, that her statements made to plaintiff after the transaction were competent evidence against her.

APPEAL by defendant from a judgment of this court, entered on the verdict of a jury.

The action was against the defendant, a married woman, to recover $250, loaned to her to erect buildings on land owned by

her in her own separate right.    The facts are fully stated in the opinion.

*Joseph Fettretch,* for appellant.

*Julius Lipman,* for respondent.

ROBINSON, J.—The facts of this case, as necessarily found by the jury upon conflicting proofs, are substantially as follows : In March, 1870, the defendant, a married woman, and owner of a lot in 117th street, applied to plaintiff for a loan of $250, to aid her in finishing a building on the lot, to which he assented, and she said she would send her husband for the money.    He accordingly went for it, and plaintiff gave him a check on a bank for the amount payable to his order.    He took the check to the bank, indorsed it for deposit, and had it there so deposited to his own credit, and he testifies he applied the proceeds to his own use.    Plaintiff testified to the effect that subsequently asking the defendant for the money, she said " she had not got it till she sold her property."

There is no doubt the husband received from plaintiff's depositary the proceeds of the check, although he immediately made a deposit to his own credit, and the circumstance that the amount he thus received upon defendants' account was through plaintiff's order on the bank made it no less a payment of the money to him as her agent.    The objection that this was not a direct payment of money to the agent and as requested is equally untenable as if the money had actually been paid by the bank and lost by the agent.    So also is the objection that the defendant, being a married woman, could not charge her separate estate for a debt so created except by an instrument in writing.    A debt created in the course of her separate business or for the immediate and direct use or benefit of her sole or separate property becomes a charge thereon, without any written instrument creating the charge (*Owen* v. *Cawley,* 36 N. Y. 600; *Ballin* v. *Dillaye,* 37 Id. 37; *Corn Exch. Ins. Co.* v. *Babcock,* 42 Id. 626).    In thus dealing in matters concerning her separate property, she assumes the same liability as would attach to any other

person, for the dishonest acts of her agent in appropriating her money to his own use, after it had been received by him upon her authority, and the fact that her agent was her husband, in no way affects the rule (*Owen* v. *Cawley*, 36 N. Y. 600; *Baum* v. *Mullen*, 47 Id. 577).

The objection to the testimony tending to show her subsequent admission that the money had come to her use, and her promise to repay it when she sold her property, was not well taken. When dealing in matters concerning her separate estate, as to which she is liable as a *feme sole*, any testimony was admissible—even her acts and admissions—tending to establish the original transaction as claimed on the part of the plaintiff.

These present the only material considerations arising upon the case, and they call for an affirmance of the judgment.

LARREMORE, J., concurred.

Judgment affirmed.