Allen, J.
The onus was upon the plaintiff to show: 1st. That the drawing of the check by the agent was within the power delegated to him by the defendant; and,
2d. That it was in a transaction and for a consideration in respect of which the disabilities of the defendant as a feme covert were removed, and she at liberty to contract and assume liabilities as if she were a feme sole. There was no evidence that the husband of the defendant had assumed to act, or had acted, with the knowledge of the defendant, without or beyond the scope of the written power of attorney, so that no question could arise as to the extent of his powers. The real and apparent power being the same, it must be determined by the instrument by which it was conferred. The attorney was authorized “to make, sign, indorse and accept all checks, notes, drafts, and bills of exchange for ” the defendant and in her name ; and the power of attorney was deposited with the bank in which she kept an account, as its authority to accept the signature and indorsements of the agent in the name of the principal in all matters mentioned in the instrument.
All the acts authorized ex vi termini necessarily had respect to the separate estate and property of the de *178 fendant, as to which she had the statutory ability to contract. She could not delegate beyond this, or authorize another to do that for her which she could not do in person. The power granted was to deal with the moneys and choses in action, parts of the separate estate of the defendant, and not to create a debt, or charge the separate estate for a debt, although contracted for the benefit of the estate. The bank was not authorized to pay a check if the defendant was without funds to meet it, and had it done so the separate estate of the defendant would not have been charged with its payment. The plaintiffs were bound to know: 1st. The legal' capacity of the defendant to contract; and, 2d. The actual authority of the agent with whom they •dealt (North River Bk. v. Aymar, 3 Hill, 262). The agent did not by the check transfer, or assume to transfer, or act in respect to, funds and moneys on hand, and subject to draft as a part of the separate estate of the defendant. The effect of the transaction, if legitimate and obligatory, was to contract a debt payable in the future, and charge the same upon the separate estate of the defendant, which was not within the terms of the authority.
But had the defendant in person drawn and delivered the check to the plaintiffs upon the same consideration, it could not have been charged upon her separate estate, without proof that the debt was contracted for the benefit of her estate. In McVey v. Cantrell, recently decided, the declaration of the defendant at the time of borrowing the money that she wanted it to pay interest due upon a mortgage upon her land, was held sufficient evidence that the debt was contracted for the benefit of her estate. A married woman may be estopped by her acts and declarations in all matters in respect of which she is capable of acting (Bodine v. Killeen, 53 N. Y. 93). The common law disabilities •of married women are so far removed by statute in this *179 State that they may make contracts and create debts in or about any trade or business carried on by them, or relating to or for the benefit of their separate estate. Upon contracts thus made, and for debts thus created, their separate estate is chargeable by law. They may also create an express charge upon their estates upon and for other contracts and debts, or as security for others, but it must be created in terms and by the writing (Manhattan B. & M. Co. v. Thompson, 58 N. Y. 80; Corn Exchange Bank v. Babcock, 42 Id. 614). There is no charge upon the estate of the defendant created by the terms of the check. It is in the ordinary form of a draft upon a banker, and only imports the ordinary obligations of that class of commercial instruments.
The defendant was not carrying on a trade or business. The management of her landed property, the receipt of the rents and income, and disposing of them, was not a trade of business within the meaning of the statute enabling married women to carry on a trade or business. That statute has respect to business pursuits, mechanical, manufacturing or commercial. The care and supervision of lands and property owned by a feme covert are not the carrying on of a separate trade or business. If it were so, every married woman who owns a house and garden, or has a deposit in a savings bank, would be a tradeswoman carrying on a business.
There is no evidence that the check related to or was given for the benefit of the defendant, or her separate estate, or in her business, or that the plaintiffs supposed it was so given. Upon the face of the transaction it was given for money loaned to the husband. The plaintiffs gave their check payable at sight, to the order of the husband, and received for it the check in suit, payable in several days, in future. If we were at liberty to assume without proof the principal and main fact necessary to maintain the action, we could *180 affirm the judgment. But the affirmative upon this, as upon- every material issue, and as to every fact necessary to be established, was with the plaintiffs. The referee has not found this fact, and could not have-found it upon the evidence. The plaintiffs suing a married woman, were bound to prove every fact, not only the contract, and that it was made by her or by her authorized agent, but that it was a contract she was capable of making. The law does not authorize the-presumption, and courts cannot assume without evidence, that a simple contract without anything on its. face to indicate the fact, was made for the benefit of the-estate of a married woman. The disabilities of a married woman are general and exist at common law. The-capabilities are created by statute and are five in number, and exceptional. It is for him who asserts the validity of a contract of a feme covert, by evidence to-bring it within the exception.
The judgment must be reversed and a new trial-granted.
All the judges concurred, except Folger and Miller, JJ., absent, and Rapallo, not voting.
Judgment accordingly.
Note on Contracts and Obligations on Married Women.
The following recent cases further illustrate the principles established in the important case in the text.
General Rule.—The cases have settled that the liability of a married woman arises on her contract and may be enforced, in the following cases :
1st. Wien created in or about carrying on a trade or business of the wife.
2nd. When the contract relates to or is made for the benefit of the-separate estate.
3d. When the intention to charge the separate estate is expressed; in the instrument or contract by which the liability is created. Manhattan Brass Co. v. Thompson, 58 N. Y. 82.
To maintain an action against a married woman for goods sold and' delivered it must not only appear that she had separate property, or *181 that she carried on a trade or business on her separate account, but that either (1) she. contracted the debt, as the agent of her husband, for the support of herself or children, or (3) that the goods were sold to her with reference to her separate trade or business, or (3) that she intended to charge her separate estate with the debt, or (4) that the consideration went to the direct benefit of her separate estate. Wood v. Sanchey, 3 Daly, 197.
What is separate estate.—A promissory note made by a husband to his wife, since it imports a consideration, is prima facie in her hands her separate estate. Treadwell v. Hoffman, 5 Daly, 207.
If lands are hired by a wife, whether upon her own credit, or by payment from her separate estate, the tenancy is her separate property. Prevot v. Lawrence, 51 N. Y. 219; Westwelt v. Ackley, 2 Hun, 258.
An expectancy not a separate estate. Kinne v. Kinne, 45 How. Pr. 61.
Possession of lands of absconded husband, with an inchoate right of dower, is an interest which a married woman may surrender as a consideration for a promise to her. Hart v. Young, 1 Lans. 417.
The giving of a mortgage on real property is presumptive evidence against the wife that it was her separate estate, which will sustain an action against her to enforce the mortgage. Kidd v. Conway, 65 Barb. 158.
What acts are “for the bmefiV of the estate.—Moneys advanced to a married woman, having a separate estate, upon her note, for the purpose of enabling her to pay off incumbrances threatening foreclosure on her estate, are a charge on her separate estate, notwithstanding she fails to apply the moneys to that purpose. (Opinion not reported.) McVey v. Cantrell, 6 Hun, 528.
Money borrowed by a wife for the benefit of her separate estate, though without written charge thereon, is recoverable, though her husband whom she sent to receive it converted it to his own use. Cohen v. O’Connor, 5 Daly, 28.
But misappropriation by her husband of securities entrusted by her to him, may be a defense against the enforcement of the securities. Craver v. Wilson, 14 Abb. Pr. N. S. 374.
A debt from a married woman to her bankers, resulting from their dealings in an account opened because she had a separate estate, and for her convenience in managing it, is a debt incurred for its benefit. Quassaic Nat. Bank of Newburgh v. Waddell, 1 Hun, 125.
For goods bought for the support of the husband and herself, though on her representation that she had the separate estate, and her promise to be responsible, she is not liable. Weir v. Groat, 4 Hun, 194.
*182 The separate estate may be charged for materials bought and actually used with her knowledge for its improvement, although charged to the husband, and his notes taken. Garretson v. Seaman, 54 N. Y. 652; S. P., Newell v. Roberts, Id. 677.
On evidence that furniture was bought on the wife’s representation that she owned the house in which it was used, and was herself buying it for furnishing the house, she may be held liable. Kelty v. Long, 1 Hun, 714.
The expense of a wedding supper for the daughter of a married woman, furnished at the request of the latter,-—Held, not recoverable from her, although she had subsequently promised to pay for it; because there was no intent apparent to charge her separate estate, nor did the consideration go to the benefit of her estate. White v. Story, 43 Barb. 124.
A separate estate of a married woman may be held liable for the fees of attorney and counsel employed by her husband, when he was duly authorized by her to collect demands belonging to her separate estate. The fact that the suits were unsuccessful is not controlling. The rule of equity under which the estate of a married woman is subject to a charge in respect to services rendered for its benefit, has reference to the subject-matter and nature of such services, and not to the contingent and ultimate gain or loss of the parties procuring them. Owen v. Cawley, 36 N. Y. 600; affi’g 42 Barb. 105.
Services of an attorney in recovering moneys for a married woman, are deemed rendered in creating a separate estate for her. (No opinion reported). Owen v. Griffin, 2 Hun, 670.
Effecting compromise or assignment beneficial to husband’s firm, who were indebted to the wife, not a ease of benefit to the separate estate. Phillips v. Wicks, 36 Super. Ct. (J. & S.) 254.
It seems that an action lies against a married woman for specific performance of her covenant to purchase, if she has a separate estate. Hinckley v. Smith, 51 N. Y. 21.
The possession of a separate estate, does not (like the carrying on of a separate business), empower a married woman to make negotiable paper, which, in the hands of a bona fide holder, will bind her, contrary to equity and by virtue of the peculiar rules of the law merchant. A promissory note even expressly charging the separate estate, if obtained by duress from a wife not carrying on a separate business, is void even in the hands of a bona fide holder. Loomis v. Ruck, 56 N. Y. 464; rev’g 1 Super. Ct. 442.
Evidence of direct benefit to the estate. A married woman conveyed real property owned by her in her own right, receiving bonds and mortgages in part payment for the consideration; and afterwards as *183 signed the bonds and mortgages by an instrument containing a covenant of guaranty by herself and her husband, that the money secured by them was collectable. In an action upon the covenant against the husband and wife,—Held, that to enable the plaintiff to charge the separate estate of the wife with the balance unpaid, he was bound to-show either that an intention to charge the estate was expressed in the contract of sale and guaranty (22 N. Y. 450), or that the consideration obtained upon the sale, was applied for the benefit of her separate estate. If it was not so applied, nor came to her hands, it is not enough to show that it came to the hands of her husband, even though he was her financial agent. White v. McNett, 33 N. Y. 371.
Where proof of direct benefit to separate estate is required, evidence that the wife sent an order authorizing payment of the money to her messenger, is competent, and, with evidence of payment to him, would be sufficient to charge her; but where the instrument was her joint obligation with her husband, evidence that the messenger delivered the money to the husband, and that the wife never received it, is sufficient to rebut the presumption of benefit to her estate. Prendergast v. Borst, 7 Lans. 489.
Evidence that the wife received the consideration of a transfer by her, of securities being her separate estate, raises a presumption that the consideration was for the direct benefit of her separate estate. Her receipt is prima facie evidence of this, but may be contradicted by her testimony. Treadwell v. Hoffman, 5 Daly, 210.
If the obligation, or, in case of a renewed or substituted obligation the original obligation, is that of a surety, the burden is on the plaintiff to show the charge on, or benefit to the estate; and it is not enough to show that she had admitted her liability, or had received an after-consideration by way of indemnity. Hansee v. Dewitt, 63 Barb. 53.
Evidence of intent 'to charge separate estate. A married woman, not having a separate business, may not charge her separate estate with the price of goods purchased by her, not for the benefit of the separate estate, except by a written instrument expressing such an intention. Writing is essential. Shorter v. Nelson, 4 Lans. 114.
Necessaries purchased by a married woman are not chargeable upon her separate estate, unless, perhaps, when purchased by her expressly on the credit of it, and charged upon it by some sufficient affirmative act on her part. Demott v. McMullen, 8 Abb. Pr. N. S. 335.
So held, also, when she was residing with her husband, and he was supporting the family. In such a case, a subsequent promise made by her after her husband’s death to pay the debt, without any new *184 consideration, is equally void. Supreme Ct., 1869, Smith v. Allen, 1 Lans. 101.
Written orders for goods (in this case for household supplies used by husband and wife), containing merely an express promise of the wife to pay, cannot be made a charge by parol evidence of intention to charge separate estate. Baken v. Harder, 6 Supreme Ct. [T. & C.) 440; contra Maxon v. Scott, below.
A note given on the purchase of property, such as a sewing machine, by a wife having a separate estate, may be shown by "parol evidence to have been accompanied by an oral promise and charge on her separate estate, and this is inferred from her continuing to own it as her separate property. Williamson v. Dodge, 5 Hun, 497, 499.
The intention of a married woman to charge her separate estate for the payment of a note, may be shown by her written declaration, annexed to, and delivered with the note. Sherwood v. Archer, 10 Hun, 73.
Proof of intent to charge separate estate may be made by the circumstances of having an estate, on the faith of which the woman was trusted, and by her promise to pay as soon as she received income of her separate estate. Conlin v. Cantrell, 64 N. Y. 217.
An oral agreement may be sufficient to charge separate estate, when no specific lien is claimed, and there being no written contract. Maxon v. Scott, 55 N. Y. 247.
Wife not chargeable with moneys which husband wrongfully diverted, after borrowing on the credit of the wife’s estate. Denman v. Jayne, 16 Abb. Pr. N. S. 317.
In a lease taken by herself and husband, of a dwelling for them both, her covenant for rent must be expressly charged on her separate estate, in order to bind her. Eustaphieve v. Ketchum, 6 Hun, 624.
Separate business. The power to purchase given by the statute, does not render liable on a contract of purchase of a single article, a married woman having neither separate estate nor separate business. So held of such articles as wearing apparel, a sofa, &c. Schmidt v. Costa, 2 Daly, 251; S. C., 3 Abb. Pr. N. S. 188; 3 Daly, 197; Robinson v. Rivers, 9 Abb. Pr. N. S. 144.
Mere ownership of property, not a separate business. Brown v. Hermann, 14 Abb. Pr. 394.
Building a canal boat, and employing the husband to run it, held a separate business. Whedon v. Champlin, 59 Barb. 61.
A married woman may contract debts to commence, as well to carry on business. Frecking v. Rolland, 53 N. Y. 422, rev’g 33 Super. Ct. (J. & S.) 499.
A married woman, sued on a contract made apparently in a separate *185 business, cannot plead the non-joinder of her husband, a dormant partner. See Scott v. Conway, 58 N. Y. 618.
A married woman having engaged in business—in this case as a partner—is liable like any other partner upon commercial paper made by an apparently authorized agent, though without the scope of the business and without consideration. Lewis v. Woods, 4 Daly, 241.
If the husband purchases goods for his own use, and receives and appropriates them, in a business not his wife’s, but owned and carried on by himself, the wife is not made liable by the fact that the purchase was on her credit and her written promise to pay, if the intention to charge her separate estate was not expressed in the writing. Manhattan Brass, &c. Co. v. Thompson, 58 N. Y. 80.
In an action by a married woman, suing alone, to recover rent of a room let to defendant, it appeared that she and her husband occupied together the house in which the room was let, and the millinery business was carried on there also ; and the agreement of letting was made with the wife, —Held, not sufficient to entitle her to recover, without proof of a separate estate. Rouillier v. Wernicki, 3 E. D. Smith, 310.
On the question of whether a married woman continuing to carry on business, did so as her separate business and estate, the fact that it was carried on in her maiden name, after the legal alteration of her name by marriage, is strong evidence. Askworth v. Outram, 37 Law Times, N. S. 85.
Services. Contract for a single service to be' rendered by her—valid. Hart v. Young, 1 Lans. 417.
Not all services rendered by a married woman are to be recovered for by herself. Beau v. Kiah, 4 Hun, 170.
In a married woman’s action for injuries to her person, she cannot recover for disqualification to labor, &c., unless it be shown that she was carrying on a separate business ; for, if not, the damages for inability to labor belong to her husband. Filer v. N. Y. Central R. R. Co. 49 N. Y. 47, 56.
Estoppels. In respect to all matters within the limits of the extent to which the law has conferred capacity on the married woman, she will be liable to the same equitable estoppels, and the same presumptions, and may be charged by the same indirect evidence of authority conferred on her husband or other agents, or the same apparent holding out of him or them as authorized, as a feme sole. Bodine v. Killeen, 53 N. Y. 96.
A married woman acting within the scope of her capacities, is subject to the same equitable estoppels as other persons. Anderson v. Mather, 44 N. Y. 249.
*186 Admissions by Tier. In an action against a married woman, her admissions are competent evidence. Morrell v. Cawley, 17 Abb. Pr. 76.
Admissions made by a married woman, in respect to her dealings within the powers conferred by the statute, are competent against her. Cohen v. O’Connor, 5 Daly, 28; affi’d without opinion in 56 N. Y. 613.
The declarations or admissions of a wife were held not competent testimony, to sustain a suit against husband and wife, for the debt of the wife, contracted while sole. Lay Grae v. Peterson, 2 Sandf. 338.
As between the husband and the trustee of the wife, under certain articles of separation, declarations by the wife that she had received property, which the husband, by the articles, agreed to provide for her use,—Held, competent evidence. Under the articles of separation, the wife became, for the purpose of receiving such property, the agent of the husband and trustee, and her declaration was legal evidence as a necessary consequence of her authority. The person to whom performance of an act is agreed to be made, is competent to' acknowledge such performance. Fenner v. Lewis, 10 Johns. 38.
Evidence of the declarations of a deceased wife as to her title to a chattel, is not admissible in favor of her donee, in an action against the husband, who has possession and control of the thing, claiming title, and denying the title of his wife. Dewey v. Goodenough, 56 Barb. 54.
— by the husband. In an action by a judgment creditor, to reach land, the title of which is in the name of the wife of his debtor, declarations of the debtor, made after the title was so vested, and when she, or those claiming under her, were in possession, and which tend to show that the transfer to her was fraudulent, are not admissible. Such declarations are evidence against himself, but not against her. Gillespie v. Walker, 56 Barb. 185; S. P., Lormore v. Campbell, 60 Id. 62. In an action relative to the separate estate of a married woman, her husband being joined with her as a merely formal party, his acts and declarations concerning the subject of the action are not competent evidence against his wife, merely by reason of the marital relation, or the fact of being joined as a party. There must be evidence of agency or other special ground. Stuart v. Kissam, 2 Barb. 493.
Agency of husband. The husband is not presumed to have any agency for his wife by virtue of the marital relation. The relation is a reason for requiring stricter proof of agency than in other cases. Hoffman v. Treadwell, 2 Supreme Ct. (T. & C.) 57.
Husband having hired, and paid rent, as agent of wife, presumed to
*187 have authority to renew lease. Dillaye v. Beer, 3 Supreme Ct. (T. & C.) 218.
The wife’s execution and delivery to her husband, of a deed conveying her separate estate to a third person, for a consideration named therein (though she was ignorant of its contents), do not authorize him to deliver it in payment of his precedent debt. The only presumption of agency to be drawn from the possession of such an instrument, is limited by the terms of the instrument itself. Hoffman v. Treadwell, 2 Supreme Ct. (T. & C.) 57; Bank of Albion v. Burns, 46 N. Y. 170.
The wife’s voluntary signing of papers which ratify her husband’s unauthorized act in binding her separate estate, cannot be avoided by proof of her neglect to read them. Fowler v. Trull, 1 Hun, 411.
Evidence of notice to her husband when acting as agent for her, proves notice to her. Adams v. Mills, 60 N. Y. 539. And his act! and declarations constituting part of the res gestae of his agency an competent against her. Owen v. Cawley, 36 N. Y. 600.
Frauds. If a wife having a separate estate is an active participant in transactions by her husband defrauding a third person in an exchange, she may be held liable in damages for the deceit. Vanneman v. Powers, 7 Lans. 181. Otherwise if the property was not her separate estate. Id. 56 N. Y. 42. The fraud of the husband while acting for his wife under her sanction, may be imputed to her. Du Flon v. Powers, 14 Abb. Pr. N. S. 395. Wife can take no advantage by a contract fraudulently made byhei husband as her agent in the use of her separate property. Adams v. Mills, 60 N. Y. 533, affi’g 38 Super. Ct. (J. & S.) 16.