ROBERT C. EMBREE, RESPONDENT, *v.* MIRIAM L. FRANKLIN, APPELLANT.

*Married woman—not liable upon a contract made by her, for the benefit of a trust estate held for her.*

The father of the defendant, a married woman, gave to his executors one-fourth of his property in trust, to pay the income thereof to her during her life, with power to her to dispose of the principal by her last will and testament, and in case she failed so to dispose of it, then he gave the same to her children. Upon the settlement of the accounts of the executor before

the surrogate, the defendant employed the plaintiff, an attorney, to appear and protect her interests, which he did.

In this action, brought by him to recover the value of the services so rendered, *Held,* that as the defendant had no estate in the property held by her trustees, but only a right to enforce the performance of the trust in equity, the contract was not for the benefit of her separate estate, and that she was not liable for the services rendered thereunder.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*C. W. Pleasants,* for the appellant.

*Robert C. Embree,* for the respondent.

DYKMAN, J. :

The best idea that can be gathered from the obscure statement of facts contained in the appeal book, is that the defendant was one of four children of Thomas H. Leggett, deceased, who died in Queens county, leaving a last will and testament, and leaving property, both real and personal. One-fourth of his property was given to the executors in trust, to pay the income thereof to the defendant during her lifetime, and she was given the power to dispose of the principal by last will and testament, but in case she died intestate then her share went to her children.

There came a time when the executors were to render and settle their accounts before the surrogate of Queens county, and the defendant employed the plaintiff, who is a lawyer, to attend to her interests in her behalf on the accounting. He did attend to the matter in pursuance of his retainer, faithfully and well, and this action is brought by him for the recovery of his charge for that service. The cause was tried at the Circuit, when a verdict was rendered for the plaintiff. All the questions of fact are thereby settled in his favor. The defendant is a married woman, and the defense set up by her to this action is that her disability arising from her coverture renders void the contract which she made with the plaintiff. Is this position tenable? Legislation in this State has removed many of the disabilities of married women, under which

they labored at common law; among other powers and abilities which they have by virtue of those provisions, is the right to take and hold property and enter into contract in relation thereto ; and where her contracts relate to, or are made for the benefit of her separate estate, they render her liable to an action for their enforcement. (*Manhattan B. & M. Co.* v. *Thompson*, 58 N. Y., 82.) And in such a case a common-law action may be maintained, and an ordinary judgment for the recovery of money may be entered. (*Corn. Exchange Ins. Co.* v. *Babcock*, 42 N. Y., 613.)

This doctrine is not controverted by the appellant, but it is claimed in her behalf that as her portion of her father's property was put in trust and beyond her control, she had no estate therein, and as a consequence the contract made with the plaintiff had no relation to her separate estate and was not made for the benefit thereof. From such statement as we have of the facts on this subject, it must be assumed that the trust created by the will of the defendant's father was an express trust, recognized by our Revised Statutes, but of this position we cannot be certain, as we have no copy of the will before us. Upon this assumption the following provision of the Revised Statutes is controlling: "Every express trust, valid as such in its creation, except as herein otherwise provided, shall vest the whole estate in the trustees in law and in equity, subject only to the execution of the trust. The person for whose benefit the trust is created shall take no estate or interest in the lands, but may enforce the performance of the trust in equity." (2 R. S., 6 ed., 1109, § 73.) The exception noted in this section has no relation to this case.

Under this provision, it seems the defendant has certain rights in this property, which she may enforce in equity against the trustees, and has no estate therein. *Noyes* v. *Blakeman* (6 N. Y., 577), is a case similar to this, and it was there held that there could be no recovery for services by a lawyer employed to protect and save property held in trust for the defendant. That case is decisive of this and is fatal to the recovery of the plaintiff.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.