RANSOM YALE, Appellant, *v.* ELIZA ANN DEDERER,
Respondent.

In an action against a married woman on a joint and several promissory
note, executed by her and her husband, the court found that the
defendant signed the note as surety for her husband, and that none of
the consideration therefor went to her benefit or to enhance her separate
estate. It appeared that the note was given to replace the individual note
of the husband, given by him for the purchase-price of a number of
cows. The court further found that defendant owned three farms and
her husband two, all managed by the husband; that the cows were pur-
chased to be used on all the farms, and they were so used indiscrimi-
nately, and those first purchased were kept for a time on one of defend-
ant's farms; that they were sold upon the agreement that defendant
was to give her note; that they were sold upon her credit and that of
her estate, and that she intended to charge her separate estate for the
amount. *Held,* that the findings as to the circumstances and intent
were not inconsistent with the findings that defendant signed as surety,
and that the purchase was not for the benefit of her separate estate;
that, from the findings and evidence, it was to be assumed that the
husband "managed" the farms, including those of defendant, for his
own benefit, and that the cows became, by the purchase, his property;
and that as the fact that she intended to charge her individual estate
was not evidenced by the writing, she was not liable.

The rule that, in order to charge the estate of a married woman with a
debt not contracted for the benefit of her separate estate, the intent to
charge such estate, where the obligation is in writing, must be expressed
in the instrument, is *res adjudicata* in this case (22 N. Y., 450), and,
having been established as the law of the State, will not be departed
from.

(Argued January 17, 1877; decided January 30, 1877.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department affirming a judgment
in favor of defendant, entered upon a decision of the court
on trial without a jury.

This action was brought to charge the separate estate of
defendant, a married woman, with the payment of a joint and
several promissory note made and executed by her and her

SICKELS —VOL. XXIII.      42

husband. The case has been twice before in this court. (See 18 N. Y., 265 ; 22 id., 450.)

The court found in substance the following facts :

That, in the month of February, 1852, the plaintiff sold and delivered to Nicholas A. Dederer, the husband of defendant, twenty-one cows at twenty-six dollars and fifty cents per head, and took for the same the promissory note of said Dederer, payable in the fall of the year 1852.

That, on the 23d day of December, 1852, after said note had become due and payable, the said Dederer took up said note, and in lieu thereof gave to plaintiff a joint and several note in the ordinary form signed by said Dederer and by the defendant, the said defendant signing said note as surety. That, on the 19th day of March, 1853, the said plaintiff sold and delivered to said Nicholas A. Dederer, twelve cows, at the agreed price of twenty-nine dollars per head, and took for the same the promissory note of the said Nicholas A. Dederer. That after the note last mentioned had become due, the said Nicholas A. Dederer took up both of their outstanding notes, and in lieu thereof gave the plaintiff a joint and several note in the usual form, signed by himself and defendant.

That none of the consideration for which the said notes, or either of them was given, went to enhance the separate estate of the said Eliza Ann Dederer, nor did any part thereof go to her own benefit. That at the time this action was brought, the said Nicholas A. Dederer was insolvent. That at the time of the sale of each lot of cows by the plaintiff to the said Nicholas A. Dederer, as above stated, it was verbally agreed by and between said plaintiff and Nicholas A. Dederer, that when the said plaintiff should demand the same, he, said Nicholas A. Dederer, would procure and said plaintiff should have in lieu of the note first given for each of said purchases, a note of said Nicholas A. Dederer, signed by said Eliza Ann Dederer, his wife, as surety ; and the said plaintiff declined to sell said cows without said assignment, and sold the same relying thereon, the plaintiff knowing that she was the owner of such separate estate and relying thereon.

The court upon request made the following additional findings among others.

That, on February 14, 1852, and at all times since, the defendant, Eliza Ann Dederer, was the owner of real estate and personal property as set forth in the complaint, as a separate estate, ample to pay the plaintiff's claim. That, on February 14, 1852, and for two years thereafter, her real estate consisted of three farms in Chenango county, and that her husband was at the same time the owner of two farms in said county. That said purchase of twelve cows was made upon representations made by the said Dederer, of his wife's ability to pay for the cows, and upon his agreement to give for the cows the joint and several note of himself and his wife. That Mr. Dederer while managing his and his wife's farms, removed the stock on the same from one to another, as occasion required. That he purchased the cows in question for those farms, to be used wherever needed, without reference to the ownership of the farms and they were so used. That the twenty-one cows were driven to one of defendant's farms when purchased, and were there kept until spring when most of them were placed upon one of Mr. Dederer's farms, and there milked through that season. That the said cows were bought upon the credit of Mrs. Dederer and of her estate, and that she gave the note in suit in consideration of such purchases, intending thereby to charge her separate estate, but that there was no writing signed by her indicating such intent.

The court was requested to find that if the consideration was in any degree for the benefit of the separate estate of the defendant, then the note in suit was signed by her under a full and sufficient consideration, and was a charge on her separate estate.

The court refused so to find, and the plaintiff's counsel excepted.

Further facts appear in the opinion.

*Isaac S. Newton* for the appellant. The purchases were originally made on the credit of defendant's property, and in

part, at least, for the benefit of her separate estate, and she is liable. (*Maxon* v. *Scott*, 55 N. Y., 247; *Hutchins* v. *Hibbard*, 34 id., 24.) Defendant's husband was her agent, and she was liable for all his acts as such. (Story on Ag., § 3; 2 Kent's Com., 613, 614; *Abbey* v. *Deyo*, 44 N. Y., 343; *Owen* v. *Cowley*, 36 id., 600; *Sherman* v. *Elder*, 24 id., 381; *Knapp* v. *Smith*, 27 id., 277; *Fowler* v. *Seaman*, 40 id., 592; *Yale* v. *Dederer*, 18 id., 265; 22 id., 450; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id, 613; *Wicks* v. *Hatch*, 6 J. & S., 95; *Rowe* v. *Smith*, 45 N. Y., 232; *Southwick* v. *Southwick*, 9 Abb. [N. S.], 109; *Miller* v. *Hunt*, 1 Hun, 491; *Buckley* v. *Wells*, 33 N. Y., 518; *Gaye* v. *Danchy*, 34 id., 293; *Bodine* v. *Killien*, 53 id., 93; *Frecking* v. *Roland*, 53 id., 422; *Scott* v. *Conway*, 58 id., 619; *Anderson* v. *Mather*, 44 id., 249; *Warner* v. *Warren*, 46 id., 228; *Adams* v. *Mills*, 6 J. & S., 16.)

*R. A. Stanton* for the respondent. Plaintiff cannot recover on the note in suit because it does not contain any statement showing an intention to charge it upon defendant's separate estate. (*Maxon* v. *Scott*, 55 N. Y., 250; *Frecking* v. *Roland*, 36 id., 424; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id., 632; *Owen* v. *Cowley*, 36 id., 600; *Ballin* v. *Dillaye*, 37 id., 37; *Fowler* v. *Seaman*, 40 id., 592; *Dick* v. *Johnson*, 2 Keyes, 348; *White* v. *McNitt*, 33 N. Y., 371; *Man. B. and N. Co.* v. *Thompson*, 58 id., 80, *Oakley* v. *Aspinwall*, 13 id., 300; *Buell* v. *Trustees Lockport*, 8 id., 57; *People* v. *Ingersoll*, 58 id., 10; *Joslin* v. *Cowee*, 56 id., 626.)

CHURCH, Ch. J. This is the third time this case has been before the court. The first time it was decided that in order for a married woman to charge her separate estate with a debt not contracted for the benefit of her estate, it was necessary that there should be evidence of an intention thus to charge it, and that a note or other obligation was not sufficient evidence. (18 N. Y., 265.) On the next trial it was found that the defendant did intend to charge her separate estate, and this court held that when the obligation was in writing, such

intention must be expressed in the instrument creating the obligation. (22 N. Y., 450.) Upon the last trial it was sought to take the case out of the rule by evidence tending to show that the property was purchased by the husband as the agent of the defendant, and for her benefit and the benefit of her separate estate.

The consideration of the note in suit was the purchase by the husband, in 1852, of twenty-one cows at twenty-six dollars and fifty cents a head, and in 1853 of twelve cows at twenty-nine dollars a head. For the first purchase the husband gave his individual note, payable in the fall, when a new joint and several note was given by him and the defendant, and for the last purchase the husband gave his individual note, and several months thereafter he and the defendant gave their joint and several note for the amount of the last note and of the note for the first purchase. It is found by the judge that the defendant signed the note as the surety of her husband, and that none of the consideration for which said notes were given went to enhance the separate estate of the defendant, nor did any part thereof go to her own benefit, and he refused to find that the husband purchased the property as agent of the defendant. There is evidence sufficient to support each of these findings, the rule being that if there is any evidence justifying a finding, this court will not disturb it, and the rule is also well settled that this court will not consider the evidence for the purpose of reversing a judgment entered on a trial by a single judge or referee, and that the court will imply findings warranted by the evidence to sustain the judgment.

It is claimed, however, that there are other findings, which so impair the force of those referred to as to justify a reversal of the judgment. These are that the defendant owned three and the husband two farms; that all the farms were managed by the husband; that the cows were purchased to be used on said several farms, including the farms of defendant; that the cows were sold upon the agreement that the defendant was to give her note, and upon representations of the defendant's

ability; that they were used indiscriminately upon all the farms, including those of the defendant; that those first purchased were kept upon one of defendant's farms until spring; that they were purchased on the credit of defendant and of her estate, and that she intended to charge her separate estate for the amount.

From the findings and the evidence it must be assumed that the husband *managed* the farms, including those of his wife, for his own benefit, and both findings and evidence establish that the property became by the purchase his property. The circumstance that the cows were at times used upon the farms of the defendant, and changed about between these and the farms of the husband, is entirely consistent, not only with, but tends to corroborate, the position that the husband managed the farms on his own and not on his wife's account, and the fact that the property was purchased on his wife's credit and that of her estate, is consistent with her being a surety. The plaintiff sold the property, doubtless, upon the credit of the defendant, and of her estate, but this might be equally true, whether she was principal or surety, and the same might be said in respect to any other person proposed as surety.

Neither of the facts found upon request are inconsistent with the express finding that she signed as surety for her husband, and that the purchase was not for the benefit of her separate estate. The fact that she intended to charge her separate estate was not evidenced by being expressed in the writing. This was the precise point decided when the case was last before the court. (22 N. Y., *supra.*) The point that the refusal to find, as requested, that if the consideration was in any degree for the benefit of the separate estate of the defendant, the debt is a charge upon her estate was error, is answered by the express, affirmative finding that "none of the consideration" of said notes "went to enhance the separate estate" of the defendant, "nor did any part thereof go to her own benefit," without considering whether the abstract proposition, as stated in the request, as a question of law, is correct or

not.  It is impossible to distinguish the case in its legal aspects from what it was when last before this court, and the decision then made must stand as the law of the case.  It is *res adjudicata* between these parties.  In the case of *The Manhattan B. and M. Company* v. *Thompson* (58 N. Y., 80), in delivering the opinion of the court, I intimated a regret that the rule had not been established differently, so that, since married women are allowed by statute to take, hold, manage and dispose of property as fully and completely as if they were unmarried, the signing of a note or other obligation should be deemed sufficient evidence of an intention to charge their separate estates, and further reflection and examination have confirmed the impression then expressed, but I then thought that the rule had been too long established as the law of the State to justify this court in overruling it, and I am still of that opinion.  It is better to adhere to a rule of doubtful propriety, which has been deliberately settled for a long series of years and repeatedly reiterated by all the courts of the State, than, by overturning it, to weaken the authority of judicial decisions, and render the law fluctuating and uncertain.

The two decisions referred to were made by this court when it was composed of judges of eminent ability and learning, and there are now differences of opinion among judges and lawyers upon the subject, and there is every reason for referring the question to the legislative power, to determine definitely what rule shall finally prevail.

It is proper to add that the learned counsel for the appellant is mistaken in supposing that the dissenting judges in 58 New York (*supra*) intended by their votes to overrule the decision of *Yale* v. *Dederer* (22 N. Y., *supra*).  They voted to sustain the action in that case within that decision.

All the members of the court concurred in the impropriety of overruling the decision.

The judgment must be affirmed.

All concur.

Judgment affirmed.