WILLIAM FERRIS, Respondent, *against* EVELYN A. HOLMES, Appellant.

(Decided January 6th, 1879.)

Since by the statutes of this State a married woman may make a valid promissory note in or about a trade or business carried on by her on her own account, it is not a sufficient answer to a complaint on a note made by a woman for her to allege that at the time of making it she was married, but she must also aver that it was not made in or about the carrying on of any trade or business by her, and where the answer does not contain this latter averment the plaintiff is entitled to judgment on the pleadings.

APPEAL by the defendant from a judgment·of the Third District Court in the city of New York.

The complaint, which was verified, alleged the making and delivery to the plaintiff for a valuable consideration of two certain promissory notes—describing them—for $33 each, and that payment of them when due had been demanded and refused, and that they were still due.

The answer only alleged that the defendant was a married woman, the wife of John B. Holmes, and was such at the time of the alleged making and delivery of the notes.

No evidence was offered on either side, and the justice gave judgment for the plaintiff for the face of the notes and interest.

*W. E. Carpenter*, for appellant.

*C. E. Coddington*, for respondent.

CHARLES P. DALY, Chief Justice.—The complaint was upon a promissory note made by the defendant, and the answer was that she, at the time of the making of the note, was a married woman. This is all that there was in the case. The justice gave judgment upon the complaint and answer for the plaintiff. The judgment was right. The answer was

not sufficient; for a married woman may make a valid promissory note, when it is made in or about carrying on trade or business on her own account. It was held in *Frecking* v. *Rolland* (53 N. Y. 422), that where a married woman has given a promissory note the plaintiff may declare upon it generally; and if she was not authorized to make it, the objection should be taken by answer, and raised upon the trial; by which I understand that she must not only aver in her answer that she was a married woman, but that it was not made in or about the carrying on of any trade or business by her, which averment would constitute a complete defense, as showing that the note was absolutely void, there being nothing on the face of the note to show that she intended by making it to charge her separate estate, if she had one. (*Manhattan Bank* v. *Thompson*, 58 N. Y. 80; *Yale* v. *Dederer*, 68 N. Y. 329.)

The judgment should therefore be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.