Cashman agt. Henry.

# N. Y. SUPERIOR COURT.

MICHAEL H. CASHMAN, executor, &c., appellant, agt. JOHN F. HENRY and others, respondents.

*Grantee of premises, assuming mortgage which grantor has not assumed, not liable for deficiency to mortgagee — effect of acceptance of deed assuming mortgage by married woman — burden of proof in suits upon contracts by married women.*

Where the grantor of an equity of redemption in mortgaged premises is not personally liable to the holder of the mortgage for the payment thereof, his grantee incurs no personal liability to the holder of the mortgage, by reason of a clause contained in the deed, whereby the payment of such mortgage is, in terms, assumed and agreed to be paid by the grantee, as part of the consideration of the conveyance.

The rule that an action on a promise made by one person to another for the benefit of a third, may be brought by the third party against the promissor, can be invoked only in cases where the promissee was charged with some legal obligation or duty towards the third party.

The burden of establishing the validity of a contract made by a married woman is upon him who asserts it.

Plaintiff conveyed to S. certain premises and took back a purchase-money bond and mortgage for $20,000. S. subsequently conveyed the premises to C., a married woman, by a deed stating $31,000 as the consideration, and containing a clause in the usual form reciting that the premises were conveyed subject to said mortgage, which the party of the second part assumed and agreed to pay. C. subsequently conveyed said premises to H. by a deed, stating $30,000 as the consideration, and containing a similar assumption clause. In an action to foreclose said mortgage, no evidence was offered, outside the deeds themselves, tending to show that the alleged contract of C. to assume payment of the mortgage was one of that class of contracts which a married woman can make. *Held,* that C. was never personally liable to plaintiff for the payment of such mortgage, nor was her separate estate, other than the mortgaged premises, ever charged therewith; and consequently that H. was not liable for a deficiency upon the sale under foreclosure.

*General Term, March,* 1878.

THIS was an appeal by plaintiff from a portion of a judgment entered at special term in an action to foreclose a mortgage. The portion appealed from adjudged that the defendants, Henry, Curran and Bowen, were not liable for a deficiency upon the sale. On October 1, 1872, Cashman, the plaintiff, conveyed certain premises to Simon, and took from Simon a purchase-money bond for $20,000, secured by the mortgage in suit upon said premises. In June 20, 1873, Simon executed and delivered a deed of the premises mortgaged to Kate M. Cormac. The deed recited that the consideration of the conveyance was $31,000, the receipt of which was acknowledged in the deed in the usual form. The deed also contained the following clause : " Subject, nevertheless, to a certain mortgage upon said premises " (the mortgage in suit) " amounting in the aggregate to the sum of $20,000, with interest thereon, which the said party of the second part hereby assumes and agrees to pay, the same forming part of the consideration money hereinbefore expressed." Kate M. Cormac was a married woman. On May 1, 1874, Mrs. Cormac, together with her husband, executed a deed of said premises to the defendants, Henry, Curran and Bowen. This deed contained an assumption clause similar to that in Simon's deed to Mrs. Cormac, and stated the consideration to be $30,000, the receipt of which was also acknowledged in the usual form in the deed. The plaintiff gave no evidence, outside the deeds themselves, tending to show that Mrs. Cormac was engaged in any trade or business, or had any separate estate, or ever charged her separate estate with the payment of said mortgage, or that her alleged assumption of said mortgage was for the benefit of her separate estate.

_Jacob F. Miller_, for appellant. An agreement between two parties for the benefit of a third is available to the third party (_Lawrence_ agt. _Fox_, 20 _N. Y._, 268; _Belmont_ agt. _Coman_, 22 _id._, 439; _Barr_ agt. _Beers_, 24 _id._, 178; _Gibert_ agt. _Pelteler_, 38 _id._, 165). The respondents were personally

liable unless they could show that their grantor was not liable (1 *Hilliard on Mortgages*, 357; *Blyer* agt. *Monholland*, 2 *Sand. Ch.*, 478; *Ferris* agt. *Crawford*, 2 *Den.*, 595; *Morris* agt. *Oakford*, 9 *Barr* [*Penn.*], 499; *Halsey* agt. *Reed*, 10 *Paige*, 595). The burden of proof was upon defendants to show that their grantor was not liable (*Best on Ev.*, secs. 268 to 275; *Greenleaf on Ev.*, sec. 74; *Amos* agt. *Hughes*, 1 *Moo. & R.*, 464; *Huckman* agt. *Ferine*, 3 *M. & W.*, 505; *Willis* agt. *Barber*, 1 *id.*, 425; *Costigan* agt. *Mohawk Co.*, 2 *Den.*, 609; *Leete* agt. *Gresham Life Ins. Co.*, 7 *Eng. L. & Eq.*, 578; *Hollister* agt. *Bender*, 1 *Hill*, 150; *Simson* agt. *Hart*, 14 *Johns.*, 63; *Waterman* agt. *Grover*, 4 *Paige*, 23; *Smith* agt. *Dunning*, 61 *N. Y.*, 249). Mrs. Cormac, by accepting the deed from Simon, became personally liable to pay the mortgage (*Laws of* 1848, *chap.* 200; 1849, *chap.* 375; 1860, *chap.* 90; 1862, *chap.* 172; *Yale* agt. *Dederer*, 18 *N. Y.*, 265; *S. C.*, 22 *id.*, 450; *Owen* agt. *Cawley*, 36 *id.*, 604; *Ballin* agt. *Dillaye*, 37 *id.*, 35; *Fowler* agt. *Seaman*, 40 *id.*, 593; *Corn Ex. Ins. Co.* agt. *Babcock*, 42 *id.*, 614; *Provost* agt. *Lawrence*, 51 *id.*, 139; *Hier* agt. *Staples*, 51 *id.*, 139; *Hinckley* agt. *Smith*, *id.*, 24; *Fuchling* agt. *Rolland*, 53 *id.*, 425; *Bodine* agt. *Killeen*, *id.*, 93; *Maxon* agt. *Scott*, 55 *id.*, 251; *Loomis* agt. *Ruck*, 56 *id.*, 462; *Manhattan Brass Co.* agt. *Thompson*, 58 *id.*, 83; *Smith* agt. *Dunning*, 61 *id.*, 249; *Westervelt* agt. *Ackley*, 62 *id.*, 506; *Payne* agt. *Burnham*, *id.*, 74; *Conlin* agt. *Cantrell*, 64 *id.*, 218; *Barton* agt. *Beers*, 35 *Barb.*, 78; *Klein* agt. *Gibney*, 24 *How. Pr.*, 31; *Flynn* agt. *Powers*, 36 *id.*, 289; *Walsh* agt. *Powers*, 43 *N. Y.*, 25; *Vrooman* agt. *Turner*, 8 *Hun*, 78; *Freeman* agt. *Bay*, 4 *Barb.*, 407). As Mrs. Cormac's contract related to her separate estate, it was not necessary that she should charge her separate estate in express terms (*Quaissaic Nat. Bk.* agt. *Waddell*, 8 *Supreme Ct.*, 128; *Wiley* agt. *Hutchins*, 17 *id.*, 504; *Costa* agt. *Isaacs*, 24 *Superior Ct.*, 176; *Hoffman* agt. *Treadwell*, 39 *id.*, 188; *McVey* agt. *Cantrell*, 13 *Supreme Ct.*, 528; *Kallo* agt. *De Leyer*, 41 *Barb.*, 208; *Williamson*

agt. *Dodge*, 12 *Supreme Ct.*, 498 ; *Kelty* agt. *Long*, 4 *id.*, 164 ; *White* agt. *Wager*, 25 *N. Y.*, 333 ; *First Nat. Bk.* agt. *Garlinghouse*, 53 *Barb.*, 616). Mrs. Cormac's separate estate would be chargeable in equity with the payment of the mortgage aside from the New York statutes (*Story's Eq.*, sec. 1401 ; *Gardner* agt. *Gardner*, 7 *Paige*, 112 ; *North Am. Coal Co.* agt. *Dyett*, 7 *id.*, 9). The acknowledgment of payment of purchase-money in a deed is *prima facie* evidence of that fact (*Thalheimer* agt. *Brinckerhoff*, 6 *Cow.*, 90 ; *Grelby* agt. *Grubb*, 1 *Marsh* [*Ky.*], 387). The deeds, therefore, prove that Mrs. Cormac had a separate estate of at least $10,000 over the amount of the mortgage (*Best on Ev.*, 405 ; *Greenleaf on Ev.*, 74 ; *Sleeper* agt. *Van Middlesworth*, 4 *Den.*, 439 ; *Walrod* agt. *Ball*, 9 *Barb.*, 271 ; *Cooper* agt. *Dedrich*, 22 *Barb.*, 516 ; *Smith* agt. *N. Y. Central Co.*, 43 *id.*, 225 ; *Peters* agt. *Fowler*, 41 *id.*, 467). Mrs. Cormac's moral obligation to pay the mortgage was a sufficient consideration for defendant's assumption (*Wilson* agt. *Burr*, 25 *Wend.*, 386 ; *Doty* agt. *Wilson*, 14 *Johns.*, 378 ; *Ehle* agt. *Judson*, 24 *Wend.*, 97 ; *Hawkes* agt. *Saunders*, 1 *Cowp.*, 289 ; *Lee* agt. *Muggeridge*, 5 *Taunt.*, 35 ; *Bentley* agt. *Morse*, 14 *Johns.*, 468).

*Geo. C. Holt*, for respondents. If the grantor of mortgaged premises is not personally liable for the debt to the holder of the mortgage the grantee does not become so by accepting a conveyance in which he assumes to pay it (*King* agt. *Whitely*, 10 *Paige*, 465 ; *Trotler* agt. *Hughes*, 12 *N. Y.*, 74 ; *Vrooman* agt. *Turner*, court of appeals, *New York Daily Register*, *June* 2, 1877). Mrs. Cormac did not become personally liable to pay the mortgage by accepting the conveyance from Simon, because of the disability of coverture (*Yale* agt. *Dederer*, 18 *N. Y.*, 265 ; *id.*, 22 *N. Y.*, 450 ; *Eustaphieve* agt. *Ketchum*, 6 *Hun*, 623 ; *Manhattan Brass Co.* agt. *Thompson*, 58 *N. Y.*, 80 ; *Schmidt* agt. *Costa*, 3 *Abb. Pr.* [*N. S.*], 188 ; *Robinson* agt. *Rivers*, 9 *id.*, 144 ; *White* agt. *McNett*, 33 *N. Y.*, 371 ; *Knapp* agt. *Smith*, 27 *id.*, 277 ; *Ledeliey* agt.

*Powers,* 39 *Barb.,* 555; *Baker* agt. *Hardee,* 6 *T. & C.,* 440; *Kinne* agt. *Kinne,* 45 *How. Pr.,* 61; *Brown* agt. *Hermann,* 14 *Abb. Pr.,* 394; *Coakley* agt. *Chamberlain,* 1 *Sweeny,* 676; *Kidd* agt. *Conway,* 65 *Barb.,* 158; *Phillips* agt. *Wicks,* 4 *Jones & Sp.,* 254; *Hoffman* agt. *Treadwell,* 7 *id.,* 184; *Payne.* agt. *Burnham,* 62 *N. Y.,* 74; *Hansel* agt. *De Witt,* 63 *Barb.,* 53). The burden of proof was upon plaintiff to show affirmatively, by evidence outside the contract itself, that the alleged contract of assumption was one which a married woman could legally make (*Hallock* agt. *De Munn,* 2 *T. & C.,* 350; *Kidd* agt. *Conway,* 65 *Barb.,* 158; *Nash* agt. *Mitchell, court of appeals, MS., opinion referred to in Albany Law Journal December* 15, 1877). An action does not lie in a promise made by one person to another for the benefit of a third unless the promise was under a legal obligation to the third party (*Vrooman* agt, *Turner, supra; Gamsey* agt. *Rogers,* 47 *N. Y.,* 233; *Merrill* agt. *Green,* 55 *id.,* 270).

SANFORD, *J.* — Where the grantor of an equity of redemption in mortgaged premises is not personally liable to the holder of the mortgage for the payment thereof, and has no interest in such payment, legal or equitable, except in so far as the mortgage may be a charge upon the mortgaged lands, his grantee thereof incurs no personal liability to the holder of the mortgage, by reason of a clause contained in the deed, whereby the payment of such mortgage is, in terms, assumed and agreed to be paid by him as part of the consideration of such conveyance (*King* agt. *Whatly,* 10 *Paige,* 465; *Vrooman* agt. *Turner, decided by the court of appeals, April* 10, 1877, *but not yet reported; vide* 4 *N. Y. W. Dig.,* 504; *N. Y. Daily Reg., June* 2, 1877). The case last cited carefully and clearly distinguishes the principle upon which exemption from liability is accorded to the grantee of mortgaged premises, under the circumstances above stated, from the rule adopted in that class of cases of which *Lawrence* agt *Fox* (20 *N. Y.,* 268) is an example, and in which it has been

held that an action sometimes accrues in favor of one, for whose benefit a promise has been made to another, against the promisor, upon the breach of such promise. It holds, that in order to give the third party, who may derive benefit from the performance of the promise, a right of action against the promissor, there must be in him a legal right to adopt and claim the promise as made for his benefit, founded upon some obligation or duty on the part of the promissor toward himself.

Where no such obligation or duty exists, as, for instance, where a grantor of mortgaged premises is not personally bound for the payment of the mortgage debt, the rule adopted in that class of cases cannot be invoked. The principle, upon which a grantee, who assumes payment of a mortgage debt for which his grantor is personally liable, may be directly pursued by the mortgage creditor, or held for any deficiency in the proceeds of a sale of the mortgaged premises, is involved in and grows out of the equitable doctrine of subrogation, whereby a creditor is entitled to the benefit of any security, held by surety, for the payment of the debt due him. As between the grantor, liable for the payment of a mortgage, and his grantee, who assumes and agrees with him to pay it, the latter becomes, in equity, the principal debtor, the former a surety for the payment of the debt. The creditor, under the rule of subrogation, may resort to the rights and remedies available to the surety who is charged with an obligation or duty toward himself, and may enforce them in the same manner and to the same extent as the surety himself may do. But if the grantor be not chargeable with any liability to the holder of the mortgage, no relation of suretyship exists as between him and his grantee, and the rule of subrogation is, therefore, wholly inapplicable to any promise or undertaking made by the grantee in his favor.

It would seem to follow from these premises, that unless Kate M. Cormac was personally liable to the plaintiff for the payment of the bond and mortgage in suit, or for a deficiency

Cashman agt. Henry.

upon the sale of the mortgaged premises, no right of action accrued to him or exists in his favor, as against her grantees, the present defendants. In other words, unless the plaintiff's claim can be enforced against her, neither can it be enforced against those to whom she may have recourse, by way of indemnity, in case of its enforcement against herself. He can only be entitled to subrogation to her rights and remedies by reason of her obligation or liability to himself.

We have, therefore, to inquire and determine whether, under and by virtue of the assumption clause contained in the deed to herself, Kate M. Cormac, the defendants' grantor, became personally liable to the plaintiff for the payment of his mortgage, or so charged her separate estate with liability for its payment, as to be legally or equitably interested in having it paid, after she ceased to have any interest in the lands upon which it was a specific lien. If she was under no obligation to the plaintiff in respect to it, and had no interest in securing its payment, except to the extent that it charged those lands, the plaintiff acquired no right and can enforce no remedy against the defendants under and by virtue of their covenant of assumption contained in the deed from her. It affirmatively appears that she was a married woman at the date of the conveyance to herself. Her coverture precluded her from contracting, and her disability rendered her contracts void, except in so far as the provisions of the married woman's acts imparted validity to them. The *onus* of establishing the validity of a contract made by a *feme covert* is upon him who asserts it. It was earnestly insisted, upon the argument, that the burden of proof was upon the defendants to show that their grantor was not liable. Such is not the correct view to take of the relations subsisting between the parties. The plaintiff claims that the defendants are liable to him. To establish such liability he must show that the defendants' grantor with whom they contracted, as he alleges for his benefit, was under some obligation to him, from which it can be inferred that the contract with her was intended to have that

Cashman agt. Henry.

effect. The plaintiff was, therefore, under the necessity of proving against them the state of facts which would have been requisite, if he had sought to establish the liability of their grantor against herself. To establish her liability it would have been essential that he should prove not only a contract, but a contract within the statutory exceptions. As no intention to charge her separate estate was expressed in the instrument or contract, by which her liability is supposed to have been created, it should have been made to appear by proof, on the part of the plaintiff, either that such liability was assumed in the prosecution of a trade or business carried on by the wife, or that it had relation to and was incurred for the benefit of the wife's separate estate (*Manhattan B. and M. Co.* agt. *Thompson*, 58 *N. Y.*, 80). No evidence was adduced tending to establish either of these conditions. As was said in *Nash* agt. *Mitchell* (*opinion of court of appeals, reversing* 8 *Hun*, 471, *vid. Albany Law Journal, December* 15, 1877), "the law does not authorize the presumption, and courts cannot assume without evidence, that a simple contract, without any thing on its face to indicate the fact, was made for the benefit of the estate of a married woman." The same case is full authority for the proposition that the burden of proof is upon him who asserts, and not upon him who impugns, the validity of a contract made by one under the disabilities of coverture. The proofs would not, in my opinion, have warranted a finding that Mrs. Cormac ever became personally liable to the plaintiff for the payment of his mortgage, or ever charged the payment thereof upon her separate estate.

The costs of the issue, tendered by the answer, were in the discretion of the court below. I am of the opinion that such discretion was wisely and properly exercised.

The judgment, so far as appealed from, must be affirmed, with costs against the appellant.

CURTIS, Ch. J., concurring.