Stowell & Heinz v. Grider.

STOWELL & HEINZ v. GRIDER.

MARRIED WOMAN: *Her contracts.*

> The contract of a married woman, unless for the benefit of herself or her separate estate, cannot be enforced against her estate. *Collins v. Underwood,* 33 *Ark.*, 265.

APPEAL from *Mississippi* Circuit Court, in Chancery. Hon. W. H. CATE, Judge.

*H. M. McVeigh,* for appellants.

Appellants insist that the first suit was dismissed by them under an express agreement between them and appellees that the appellee, Sue M. Grider, should execute said note, so as to bind her separate estate, her husband, W. H. Grider, being insolvent; and that, in consideration *alone* of the execution of this note by appellee, Sue M. Grider, were they induced to dismiss the first suit and make a reduction of $100 from their original account.

There is no controversy as to the execution of the note by the appellee, Sue M. Grider. And appellants contend that they were led to believe that she executed the same with the intention and for the purpose of binding her separate estate, so as to receive the benefit of the dismissal of the former suit and the reduction of $100 in her account, and that she cannot avoid payment of her note under the shield of coverture. *Challer v. Temple, 39 Ark., 238; Dobbin v. Hubbard, 17 Ark., 189.*

This intention to charge her separate estate may be inferred. *Challer v. Temple, 39 Ark., 238; 5 Am. Rep., 675.*

Again, the proof shows that $80.90 of the account which was closed by the note in controversy was for goods, wares and merchandise which had been purchased by the appellee, Sue M. Grider, *dum sola*, and for which amount, at least, she cannot avoid her liability to the appellants, by reason of her subsequent coverture.

*E. F. Adams*, for appellee.

To our mind the case presents a pure and simple attempt on the part of appellants to hold Mrs. Grider, a married woman, bound on a promissory note, and do not allege, nor does the proof show, that it was given to benefit her separate estate, or for her support or maintenance, or that Mrs. Grider was a sole trader and engaged in business. On the contrary, it is perfectly plain it was without consideration as to Mrs. Grider, and was given for a debt due by her husband, W. H. Grider, and for which they have judgment against him. And, as we understand the law, it is directly in the face of and against all the authorities on the liability of married women. *Walker v. Jessup, 43 Ark., 163; Challer et al. v. Temple et al., 39 ib., 238; Conner, Admr., v. Abbott, 35 ib., 365; Collins v. Underwood, 33 ib., 265; Henry v. Blackburn, 32 ib., 445; Triber et ux. v. Stover & Co., 30 ib., 727; Stilwell et ux. v. Adams et al., 29 ib., 346; Buckner v. Davis, 29 ib., 444.*

But, for the sake of argument, admit that the suit was on the account. The proof shows that only $80.90 worth of the goods alleged to have been bought from appellants were purchased before Mrs. Grider's marriage, and appellants admit that $150 was paid on the indebtedness on the 19th day of October, 1881. Appellants made no applica-

tion of the payment to any particular item of the account, and admit that the appellee, Mrs. Grider—for she is the only one before the court, the cause not having been transferred as to, or contested by, W. H. Grider—made no application thereof. The court will apply the credit to the oldest items, or the most burthensome, on the account. *Johnson et al. v. Anderson, 30 Ark., 745; Hughes v. Johnson, 38 ib., 285.*

If this be done it is perfectly apparent that the whole of said account unpaid was made after Mrs. Grider's marriage, and is for articles which the husband was bound to, and did furnish, his family. And no court will believe the articles were furnished to Mrs. Grider, because the appellants have made out the account against her.

SMITH, J. Grider and his wife were sued for a balance due on a promissory note made by them to the plaintiffs in the year 1881. The husband suffered a default to be taken against him, but Mrs. Grider pleaded her coverture. An amended complaint was then filed, stating that she had a separate estate, out of which the debt should be paid, and that it was her intention to charge said estate by the execution of the note. The cause, as against her, was transferred to equity upon motion of plaintiffs. And Mrs. Grider denied in her answer that it was her intention to bind her separate property, or that such was the legal effect of the instrument.

The proofs showed that Mrs. Grider, previously to her marriage, was indebted to the plaintiffs, who were merchants, in the sum of $80.90, and that, after her marriage, goods were sold to her husband, mother and others of the same household, of the value of some $500. These goods were charged to W. H. and Sue M. Grider, but it did not appear that Mrs. Grider had authorized any of the persons

to whom they were delivered to purchase upon her credit. The plaintiffs had brought an action against the husband and wife on this account, but had afterwards dismissed it, upon the agreement with the husband and his attorneys, and in consideration of the execution and delivery of the note now in suit. Mrs. Grider was not a party to this arrangement, and had no communication with the plaintiffs, or any agent of theirs, on the subject; but had signed the note at her husband's request. Grider had afterwards paid $150 on the note.

At the hearing the complaint was dismissed.

If we recur to the origin of the debt, and if we admit that Mrs. Grider remained liable, after her marriage, for that portion of it which was contracted by her *dum sola*, yet her husband, who was also liable, has made a sufficient payment to extinguish that. So the unpaid balance upon the note must be considered to represent articles of merchandise, which the husband furnished to his family, and which it was his duty to furnish. In this view the case is controlled by *Collins v. Underwood, 33 Ark., 265.* Compare *Walker v. Jessup, 43 ib., 163; Yale v. Deaderer, 18 N. Y., 265; S. C., 22 ib., 450; Manhattan B. & M. Co. v. Thompson, 58 N. Y., 80.*

*Challer v. Temple, 39 Ark., 238,* has no bearing. That case merely decides that since the act of April 28, 1873 (*Mansf. Dig., secs. 4625, 4630*), a judgment against a married woman, who has not pleaded her coverture, is not void, notwithstanding the contract upon which it was rendered was, in its origin, not binding upon her; but, on the contrary, is enforceable against her separate estate, and a court of chancery will not interfere.

Decree affirmed.