PROCHOWNICK *et al.* v. BOYD *et al.*

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

PRINCIPAL AND AGENT—PROOF OF AGENCY—AUTHORITY OF AGENT TO INDORSE CHECKS.

In an action for iron purchased by defendant of plaintiffs through their agent, it appeared that plaintiffs did business in the name of the East River Iron-Works, and that the contract of sale was signed by their agent in that name; that he collected all the money on it, and acted as plaintiffs' representative and superintendent; that in part payment defendants gave the agent a check to the order of the East River Iron-Works; that the agent indorsed the payee's name, and signed his own under it, and that defendants, at his request, and to enable him to collect it, indorsed it also; and the agent collected the check, and kept the proceeds. *Held,* that the payment was valid, without proof of the agent's express authority to indorse checks; the jury having found that, under the evidence, the defendants were justified in treating the agent as the iron-works generally.

Appeal from circuit court.

Joseph Duclos and Adolph Prochownick, trading under the name of the East River Iron-Works, brought this action against Eugene S. Boyd and another to recover for iron-work furnished under a written contract. The defense was payment; a check to the order of the East River Iron-Works having been given by defendants to the plaintiffs' agent, in the manner stated in the opinion, and the agent having collected the check and appropriated the proceeds to his own use.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Nathan Bijur,* (*Rice & Bijur,* of counsel,) for appellants. *A. Simis, Jr.,* (*David Barnett,* of counsel,) for respondents.

BARNARD, P. J. The defense in this case, under the verdict of the jury, rests on a good foundation. The plaintiffs, who did business under the name

---

[1] It appears by the order entered upon the appeal that the order appealed from was affirmed, with leave to appellant to apply for the approval of the undertaking, as directed in the opinion of Mr. Justice BARNARD, Mr. Justice PRATT thus concurring in the final result.

of the East River Iron-Works, made a contract for work and materials with the defendants. The contract upon plaintiffs' part was made through the agency of and was signed by Charles Sidney for the East River Iron Company. The contract was delivered to plaintiffs by Sidney. Sidney collected all the money on the contract. He returned some, but not all, to the plaintiffs. Sidney was in plaintiffs' employment, and acted as representative and superintendent, and signed for the iron-works on another contract and with other parties. When Sidney collected the money, the defendants made their check payable to the order of the East River Iron-Works. Sidney indorsed the name of the plaintiffs, and put his own name on the check under that of his principal, as he had done before on signing contracts, and requested the defendants to indorse the same, so as to enable him, Sidney, to get the money without going to New York. The defendants did so, and Sidney got the money, and kept a part of it. The defense is that, assuming Sidney had the power to contract for the plaintiffs, the indorsement of the check by defendants must rest upon a real authority of Sidney to indorse checks for the plaintiffs. This is the rule when there is authority to collect only. The evidence enabled the jury to give Sidney large powers, by which the defendants were justified in paying cash to Sidney, or in giving him a check payable to him, or in treating him as the plaintiffs' *alter ego*. They could accredit him to the bank on this theory as a person to whom they were authorized to pay money as to the plaintiffs themselves. The general agency carried with it in this case a power to sign for the principal. The real power was not material. The case in this respect is different from *Bernheimer* v. *Herrman*, 44 Hun, 110. There a check was given to a book-keeper, who was authorized to receive and receipt for bills. The check was payable to the order of the proprietor, and the book-keeper forged his name, and applied the money to his own use. If the proof had justified the book-keeper in signing the name of his principal, the misappropriation alone would not have made invalid the payment. The case was tried on the evidence applicable to this case. The question was put to the jury whether, under the evidence, the defendants were justified in treating Sidney as the East River Iron-Works generally. The jury so found, and, under this verdict, the indorsement of the check was the indorsement, in legal effect, of the plaintiffs themselves.

DYKMAN and PRATT, JJ., concurred.