(8 Misc. Rep. 264.)

### BRIGGS v. KENNETT et al.

(Common Pleas of New York City and County, General Term.  May 7, 1894.)

1. PRINCIPAL AND AGENT—IMPLIED AUTHORITY.
    In an action for the conversion of stock delivered by plaintiff to one S. to secure plaintiff's account with defendant, a stockbroker, it appeared that plaintiff had delivered stocks to S. for defendant only once before, but plaintiff's checks were received by defendant through S., who was intrusted with the receipts for funds and stocks to be returned to plaintiff, and defendant had placed negotiable securities in S.'s hands for delivery to plaintiff. *Held*, that plaintiff had the right to rely on the authority of S. to act for defendant.
2. DAMAGES—STOCK DIVIDENDS.
    In an action for conversion of shares of stock, loss of dividends may be included in computing the damages.

Appeal from judgment on report of referee.

Action by Thomas J. Briggs against Francis J. Kennett, George B. Hopkins, and George Kirkland. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Wheeler H. Peckham, for appellants.

Frederick Seymour, for respondent.

BISCHOFF, J.  This action is brought to recover damages for the breach of a contract of bailment, the subject of the action being 140 shares of stock of the American Telegraph & Cable Company,

which are alleged to have been delivered by the plaintiff to the defendant's agent, one Thomas Stout, to be held as collateral upon such plaintiff's account with the defendants, a firm of stockbrokers. The defense interposed was that no such delivery had been made to the defendants, the issue being practically resolved into a question as to Stout's agency.    It appears that this individual fraudulently diverted the stock in question, and that it was never received from him by the defendants.    The question of law presented by this appeal relates to the referee's finding that Stout, in receiving from the plaintiff these certificates of stock, was acting within the scope of his authority as delegated by the defendants, it being claimed for the appellants that this finding is unsupported by the evidence. Upon this question alone is the appeal to be determined, no dispute arising as to the defendants' responsibility for their failure to deliver the stock on demand, in accordance with the contract, should this agency have existed at the time when the transaction took place. Such the learned counsel for the appellants very properly admits to be true.    As to the fact that Stout acted in the capacity of the defendants' agent, and was not, in so far as the plaintiff was concerned, understood by such plaintiff to be acting as his agent, there is no reasonable room for doubt, in view of the letters in evidence, which formed the correspondence between plaintiff and Stout, with reference to the transactions had by plaintiff with defendants' firm. The defendants incontestably had knowledge of plaintiff's dealings with the firm, as appears from the entries in their books, and the testimony of the defendant Hopkins.    Further were they aware that these dealings were had through their agent, Stout.    As to the contention that they might well consider that Stout was acting as agent for the plaintiff, we fail to see its bearing upon the case.    If any presumption were to be indulged in in this regard, there being no evidence upon the subject, it would seem to be that Stout was thus acting in the course of his duties to his employers when receiving orders for the firm, such acts being within the scope of his employment, as appears from the defendants' evidence.    At best they would be put upon inquiry as to the nature of the transactions in this regard.    Timpson v. Allen (Com. Pl. N. Y.) 27 N. Y. Supp. 915.    The action is based upon this Stout's apparent authority, and the rule of law which imposes a liability upon the principal in a case where injury has resulted through reliance placed upon such ostensible agency rests upon the doctrine of estoppel.    People v. Bank of North America, 75 N. Y. 547.    The question turns, therefore, upon what justification there existed for the plaintiff's relying upon previous acts of Stout, performed with the acquiescence of the defendants, when intrusting him with these certificates.    There appears to have been but one instance of a transaction precisely similar to that now in question, but, although agency to do a special act is not to be generally inferred from one instance alone, yet this prior act of Stout's in receiving from the plaintiff negotiable securities and delivering them to the defendants for the plaintiff's account, without remonstrance from them by reason of his having so assumed this

duty, goes far as a justification for the plaintiff's reliance upon his agency for this purpose. See Graves v. Horton (Minn.) 35 N. W. 569. In connection with this we have the fact that the plaintiff's checks were received by the firm through Stout, who was in turn intrusted by them with receipts for funds and stocks to be returned to the plaintiff. On the occasion of a certain change in the firm, it was through Stout that the circular letter and blank transfer of account were received by plaintiff, and through him was the executed instrument of transfer returned to the firm. Further than this, the defendants, at a time prior to this transaction, had themselves intrusted to Stout the possession of negotiable securities for delivery to the plaintiff, which fact has an important bearing upon their own recognition of the extent of his agency. We are constrained to concur in the finding of the learned referee that these circumstances attending the dealings of the parties established, as between them, an apparent agency in Stout to receive the certificates from plaintiff in the instance now considered. "An agent's apparent powers are those with which he is clothed by the character in which he is held out to the world, although not strictly within his commission. Whatever is done under an authority thus manifest is actually within the authority as to third persons, and the principal is bound for that reason." Mechanics' Bank v. New York & N. H. R. Co., 13 N. Y. 635. The law will infer authority in an agent, as well from the general character of the acts which he has been permitted to perform as from a special written power. Bank v. Monteath, 17 Barb. 171, approved 26 N. Y. 505. And to the same effect is the case of Second Nat. Bank v. Pottier & Stymus Manuf'g Co. (Super. N. Y.) 2 N. Y. Supp. 644. Therefore, that the agency of Stout included an apparent authorization to receive the stock in question is not, we think, to be doubted.

The loss to the plaintiff of the dividends declared upon these certificates between the date of the deposit and the time of the demand was properly included in computing the damages, such loss being a direct and necessary result of this breach of contract. "The broad general rule in such cases is that the party injured is entitled to recover all his damages, including gains prevented as well as losses sustained; and this rule is subject to but two considerations: The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, and must be such as might naturally be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed." Griffin v. Colver, 16 N. Y. 494. This case is clearly within the rule, and the fact that neither the defendants nor Stout is shown to have obtained the benefit of such dividends cannot affect the question. It is the plaintiff's loss which forms the basis of recovery. The judgment is affirmed, with costs