MARY ROSS POTTER, as Administratrix c. t. a., of JOHN J. MORLEY, Deceased, Respondent, *v.* ALBERT E. SAGER and FRANCES W. SAGER, Appellants.

Fourth Department, July 2, 1918.

Principal and agent — when payment to agent is payment to principal — delivery of checks by mortgagors to agent of mortgagee authorized to collect — payment of said checks by drawee constitutes payment to mortgagee.

Where a mortgagee appointed an agent to collect the principal and interest to become due on the mortgage and the mortgagors gave checks to said agent payable to his order, which checks were cashed by the bank upon which they were drawn and the proceeds were appropriated by the agent to his own use, there was a payment upon the mortgage binding upon the mortgagee.

The mere delivery of the checks in question to the mortgagee's agent did not of itself constitute payment to the mortgagee which only occurred when the checks were actually paid by the drawee in due course.

LAMBERT and DE ANGELIS, JJ., dissented, with memorandum.

APPEAL by the defendants, Albert E. Sager and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 27th day of April, 1917, upon the decision of the court after a trial at the Monroe Special Term, and also from an order entered in said clerk's office on the 28th day of December, 1916, granting plaintiff an extra allowance.

The judgment decreed the foreclosure of a mortgage and the sale of the mortgaged premises.

The plaintiff was a non-resident of Monroe county who held

certain real estate mortgages on property situate in the city of Rochester, said county. She appointed a man by the name of Sherwood her agent to collect principal and interest on said mortgages. For years the agent duly accounted for the money collected. The time came when he collected from the defendants two payments upon a mortgage for which he failed to account. Those payments were made by checks given by the defendant Albert E. Sager to said agent Sherwood and payable to said agent's own order. The checks were cashed by the bank upon which they were drawn. The Special Term held that said checks did not constitute payments upon the mortgage. (98 Misc. Rep. 25.)

*Hiram R. Wood* [*Richard L. Saunders,* attorney], for the appellants.

*Eugene Van Voorhis* [*John Van Voorhis' Sons,* attorneys], for the respondent.

HUBBS, J.:

The delivery of the checks in question by the defendant Albert E. Sager to the plaintiff's agent Sherwood did not of itself constitute payment. The question is whether or not the checks constituted payments when actually paid by the bank upon which they were drawn.

Where a person is an agent with authority from his principal to collect principal and interest, the general rule is that a payment by a debtor to such agent, to constitute a good payment, must be made in cash. The reason for this rule is that a payment in any other medium is not as good as cash — is not the exact equivalent of cash. Thus it has been held that the giving of a note, mortgage, post-dated check, property, etc., does not constitute a payment because the acceptance of those things by the agent exceeds his authority and constitutes the exercise of a discretion by the agent not vested in him by his principal.

It would seem, however, that this court should take judicial notice of the fact that checks and drafts are usual and ordinary means of transacting business and transferring money in all business transactions; that, where an agent is given authority to collect money, the authority granted implies that he shall

do so in the usual and ordinary way and, where a check is given by the debtor, not post dated and payable at a bank in the same city, the giving of such check payable to the agent constitutes payment from the time that such check is cashed in due course.

" Power to employ all the usual and necessary means to execute the authority with effect is an incident of every contract of agency." (Lawson Cont. [2d ed.] 227, § 184.)

Such a check, of course, would not constitute payment if not in fact honored on presentation in the ordinary course of business. The agent could not accept such a check in absolute payment and satisfaction. He can, however, receive a check which he has reason to believe will be honored upon presentation as a convenient and customary way of obtaining the money which he is authorized to collect. Such a payment offers no greater temptation to the agent than the payment of the money would offer. If the check is paid by the bank, then the agent has received what he was authorized to receive, and, if not paid when presented, the creditor has lost nothing. The reason for the rule which does not permit a payment to an agent by note, mortgage, etc., does not apply when payment is made by a check which is actually cashed by the bank upon which it was drawn. The cases where checks were made payable to the principal and wrongfully indorsed and collected by the agent have no application, as in those cases they were not paid in due course.

There are several decisions in this State which sustain this position. (*Hunter* v. *Wetsell*, 84 N. Y. 549; *Cohen* v. *O'Connor*, 5 Daly, 28; affd., on opinion below, 56 N. Y. 613; *Thomas Roberts Stevenson Co.* v. *Fox*, 19 Misc. Rep. 177; *Mores* v. *Society for the Protection of D. R. C. Children*, 19 Wkly. Dig. 247; *Prochowick* v. *Boyd*, 15 N. Y. St. Repr. 809; affd., 119 N. Y. 641. See, also, *Griffin* v. *Erskine*, 131 Iowa, 444.)

Payment on the checks in question was made in due course. Section 148 of the Negotiable Instruments Law (Consol. Laws, chap. 38; Laws of 1909, chap. 43) reads as follows: " Payment is made in due course when it is made at or after the maturity of the instrument to the holder thereof in good faith and without notice that his title is defective." (See notes to this

section in Crawford's Ann. Neg. Inst. Law [4th ed.], pp. 162, 163; *Glennan* v. *Rochester Trust & Safe Deposit Co.*, 152 App. Div. 316; affd., 209 N. Y. 12.)

The two checks in question, when cashed by the bank upon which they were drawn, constituted payments upon the mortgage and should have been allowed as such by the Special Term.

The judgment and order should be reversed, with costs.

All concurred, KRUSE, P. J., in result upon the ground that the checks, having been paid, were equivalent to cash and effective as payments upon the bond and mortgage, though misappropriated by the agent who received the same, and the proceeds wrongfully converted to his own use, except LAMBERT and DE ANGELIS, JJ., who dissented in a memorandum by LAMBERT, J.

LAMBERT, J. (dissenting):

This case is not of that class of cases where payment is made to an agent because of his possession of the original instrument and the arguments on that class of cases do not apply here.

Assuming Sherwood's complete authority it was essential, of course, that the payment when made should be made to him as agent and not in his personal capacity.

The defendants did not give to Sherwood any cash. They merely gave an order for the bank to pay him personally a specific amount of money in each instance. Very clearly they thereby made Sherwood their agent to collect that money from the bank personally, and then apply it as agent. This is a different situation than as though they had given him their check as agent. It differs in that they thereby reposed in him their confidence and left to him as an individual, rather than as agent, the duty of collecting and making proper application of the moneys represented by the check.

If this record showed that Sherwood ever had the moneys upon this check in his possession as agent, then a much clearer case for the defendants would be presented. The record does not so show. In fact it demonstrates exactly the contrary. One of these checks, made to him personally was by him

personally indorsed in his individual name, deposited to his individual account and converted by him without ever having come into his possession as agent. In that instance his breach of trust was a breach of a duty he owed to the defendants rather than to plaintiff. The defendants by their acts had made him their agent in the collection of this check and the application of its proceeds and the conversion occurred before the termination of that relationship of principal and agent.

The other of such checks was likewise made to the order of Sherwood personally, indorsed by him personally and transferred to the account of the Fitzhugh Amusement Company. In this instance too the conversion occurred during the continuance of the relationship of principal and agent between the defendants and Sherwood. The breach of trust duty was a breach of trust duty owed to them and the action had not at that time proceeded far enough to invade the trust duty by Sherwood to the plaintiff.

So viewed there is no room for application of any doctrine of ratification. Ratification can never apply except with full knowledge of the facts relating to the particular thing to be ratified. There can be no serious argument that the plaintiff in this action after she knew of these conversions ever ratified anything.

There is a sort of injustice in this result in view of the course of dealing theretofore had between these parties. However, the defendants knew of the representative capacity of Sherwood, and chose to extend to him permission to act for them. They created or at least acquiesced in his agency relationship with them thereby making it possible for this defalcation to occur. The conversion was a conversion of their property and before it became the property of the plaintiff. Their conduct made that situation possible when they had ample means for their protection. They are no more innocent than is the plaintiff, and so viewed the result evidences no hardship.

The judgment and order should be affirmed, with costs.

DE ANGELIS, J., concurred.

Judgment and order reversed, with costs, and judgment directed in favor of defendants, with costs, requiring the plain-

tiff to discharge the mortgage upon payment of the balance of the mortgage debt after crediting the two checks in controversy and providing that in case defendants fail to pay said mortgage within five days after service of copy of judgment with notice of entry, judgment for foreclosure and sale be entered in favor of plaintiff for the amount of the mortgage after crediting said two checks. Findings of fact and conclusions of law modified accordingly. Order to be settled on notice.