LOUIS SOLOMON, INC., ,Respondent, v. BENJAMIN DEUTSCH and SAMUEL DEUTSCH, Appellants.

Supreme Court, Appellate Term, First Department, May 23, 1924.

Sales — action for goods sold and delivered — defense of payment — plaintiff's former president received check from defendant payable to plaintiff in payment of corporate claim and procured cash thereon — question for jury as to ·whether plaintiff had held out its former president as authorized to cash check — reversible error to charge that if corporation never received check defendants are liable.

In an action for goods sold and delivered in which the defense of payment is interposed it is a question for the jury as to whether the plaintiff by its course of dealing with the defendants has held out its former president as a person ·authorized to cash a check payable to the plaintiff which he had received in payment, and it is reversible error for the court to charge that if the check "never got to the corporation there is no payment to the corporation and these defendants are responsible," since it appears that the defendant's president after being dismissed, following charges of misappropriating money, presented a statement of the plaintiff corporation to the defendant who testified that up to that time he had no knowledge of the existence of the corporation; that the defendant gave to the plaintiff's former president a check for the corporate bill payable to plaintiff which the codefendant, after indorsement in the name of the plaintiff and the name of its former president, as president, assisted in having cashed and gave the proceeds to the former president.

APPEAL by defendants from judgment of the City Court of the city of New York, entered on verdict for plaintiff, and from order denying defendant's motion for a new trial.

*Benjamin Burrows*, for the appellants.

*Samuel R. Gerstein*, for the respondent.

GUY, J. Action to recover $1,038.21 for goods sold and delivered. Defense, payment.

Prior to 1919 Louis Solomon carried on business in the sale of beef to dealers. The defendants were customers of Louis Solomon for two or three years before 1919; they made their purchases from him and paid him their bills personally.

In 1919 the business of Louis Solomon was incorporated under the name Louis Solomon, Inc.; but the testimony indicates it continued to be carried on as the individual business of Louis Solomon; statements were sent to the customers under the name of Louis Solomon, and the sign at the place of business continued to be Louis Solomon.

Louis Solomon was president of the corporation Louis Solomon, Inc., and he continued to be such president down to about November, 1920, when he was charged with misappropriating $18,000

of the moneys of the corporation. As the result of the charge Louis Solomon resigned as president, and criminal proceedings were brought against him which were subsequently dismissed in the Magistrate's Court.

No notice was given of the incorporation of Louis Solomon, nor were the customers notified of the resignation of Louis Solomon as president.

Notwithstanding the dispute in the corporation Louis Solomon continued in the business, selling meat and collecting accounts. The defendant Benjamin Deutsch made the purchases in question from Solomon himself at the store of the seller; apparently all payments for purchases were made to Louis Solomon, and the statements and bills were in the name of Louis Solomon.

On the trial defendants put in evidence statements dated May 25, 1921, which include the beef to recover the price of which this suit is brought, and these statements are in the name of Louis Solomon. The statement of May 26, 1921, also rendered to defendants, is in the name of Louis Solomon, Inc., and defendant Benjamin Deutsch testified that was the first time he had notice of the existence of the corporation.

The demand in suit is made up of two items; one for $260 and the other for $779.21. On May 25, 1921, the defendant Benjamin Deutsch gave his check for $260 payable to the order of Louis Solomon in payment of that item. On May 26, 1921, Louis Solomon called at the defendants' place of business, presented the statement of Louis Solomon, Inc., dated the same day for $779.21 and asked for cash in payment of same. Deutsch testified that up to that time he had no knowledge or notice of the existence of the corporation or of any charge against Louis Solomon for misappropriation or otherwise; that he told Louis Solomon he could not give him cash but made out a check for $779.21 to Louis Solomon, Inc., whereupon Solomon asked if he could have the check cashed and Benjamin Deutsch asked his brother, Samuel Deutsch, the codefendant, to cash the check for Solomon. Louis Solomon thereupon indorsed the check. "Louis Solomon, Inc., Louis Solomon, Pres.," and Samuel Deutsch went with him to the Corn Exchange Bank and cashed the check on his indorsement and gave the cash to Louis Solomon.

It was testified on behalf of the plaintiff that it had never received the money, and at the trial the claim was reduced by the sum of $260, being the amount of the check made out to Louis Solomon, and the jury rendered a verdict for plaintiff for the balance, $779.21, the amount of defendants' check to the order of the corporation, with interest.

The rule applicable to payments to agents is that a payment by a debtor to an authorized agent, to constitute a good payment, must be made in cash; but where an agent is given authority to collect money the authority granted implies that he shall do so in the usual and ordinary way, and where a check is given by the debtor, not post-dated, and payable at a bank in the same city, the giving of such check payable to the agent constitutes payment from the time that such check is cashed in due course. *Potter* v. *Sager*, 184 App. Div. 327; affd., on opinion below, 228 N. Y. 526. If, therefore, the debtors in this instance had handed over the cash in the first place to Louis Solomon or had given him two checks (instead of one check for part of the claim in suit) both to his own order the defense of payment would have been established.

Respondent relies on the case of *Bernheimer* v. *Herrman*, 44 Hun, 110, in which the bookkeeper of the payee of a check, receiving the check at the payee's place of business, wrongfully indorsed the check and misappropriated the proceeds; and the court held that as the defendants in that case claimed payment by check to the order of the creditor the burden was on them to show that the check was duly indorsed and paid, and affirmed a verdict directed on the trial for the plaintiff.

In *Prochownick* v. *Boyd*, 48 Hun, 618; affd., 119 N. Y. 641, it appeared that the plaintiff, who did business under the name of the East River Iron Works, made a contract for work and materials with the defendant; that the contract on plaintiff's part was made through the agency of and was signed by Charles Sidney for the East River Iron Works; that Sidney delivered the contract to plaintiffs; that he collected all the moneys on the contract and returned some but not all of it to the plaintiffs; that Sidney was in the employ of the plaintiff as its representative and superintendent and signed for the plaintiffs on another contract with other parties; that when he collected the money from defendants they gave him a check to the order of the plaintiffs and he indorsed the name of the plaintiffs and put his own name on the check under that of his principals as he had done before in signing checks, and requested the defendants to indorse the checks so as to enable him to get the money without going to New York, and the defendants accordingly made such indorsement, upon which Sidney collected the amount of the checks.

The General Term held that the evidence enabled the jury to give Sidney large powers by which the defendants were justified " in treating with him as the plaintiff, *alter ego*," that the ostensible general agency carried with it a power to sign for the principal, and that the real power was not material; that the question was

properly put to the jury whether under the evidence the defendants were justified in treating Sidney as the East River Iron Works generally, and the jury were authorized to so find.

We think that the reasoning of the General Term in the case last cited is applicable in the instant case brought to recover for goods sold and delivered; that here there was a question for the jury whether the plaintiff by the course of dealings with the defendants had not held out Louis Solomon as a person authorized to cash the check which he had received in payment of the indebtedness; and that under the circumstances the charge of the trial court that if the check "never got to the corporation there is no payment to the corporation and these defendants are responsible" presents reversible error.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

GAVEGAN and MITCHELL, JJ., concur.

Judgment reversed.